A. J. LOFTIS *vs*, NANCY RAXTER.

1.  Where a party has a witness summoned in his behalf, and the said witness is in attendance upon the Court, but is neither sworn, tendered, nor examined: *Held*, that according to the practice in this State, the attendance of said witness should be taxed against the party by whom he was summoned.

2.  Where a material witness has been summoned and is not present at the trial but has theretofore been in attendance, and the question is made in apt time, the party summoning the witness, has the right to tax the attendance of such witness against his adversary only in case of satisfactory proof of the materiality of the witness, and that his absence was on account of sickness or other sufficient cause.

*Costin* v. *Baxter*, 7 Ire. 111.  *Wooley* v. *Robinson*, 7 Jones 30.  *Venable* v. *Martin*, 1 N. C. L. Rep. 515, cited and approved.

This was a motion for retaxation of costs, heard before Cannon, Judge, at Fall Term, 1870, of Transylvania Superior Court.

An action of ejectment was tried between the parties at Spring Term, 1869. Before the jury was empaneled, each party called their witnesses. None were sworn or tendered by the defendant in the action. A verdict was rendered for the defendant. The plaintiff moved that the attendance of the defendant's witnesses should be taxed against her. The Court ordered a rule to show cause against the defendant. This rule was continued till Fall Term, 1870., when the Court ordered that the defendant pay the attendance of her witnesses at the trial term, and that plaintiff pay the costs for their at-

tendance at the previous terms of the Court and while the case was pending. From this order the plaintiff appealed to the Supreme Court.

*Phillips & Merrimon* and *D. Coleman*, for plaintiff.
*Ovide Dupré*, for defendant.

BOYDEN, J. In this case, before the parties had announced themselves ready for trial, they called their witnesses and they answered the call. The parties declared that they were ready for trial, and the jury was empaneled and the trial proceeded, and a verdict was rendered in favor of the defendant. There were a number of the defendant's witnesses in attendance that were neither qualified nor tendered, and after the verdict, the plaintiff moved for a rule to show cause why the defendant's witnesses, that were neither sworn nor tendered, should not be taxed against him. His Honor made the following order:

"That the defendant show cause why the taxation of costs, should not be orded and made as moved for." The motion and rule were continued by consent. The Court ordering the taxation of witnesses to be deferred and to await the final decision.

At Fall Term, 1870, the Court ordered that "the defendant pay the costs of said witnesses at the trial term, and that the plaintiff pay all the costs for their previous attendance." From this order, taxing him with a part of these witnesses, the plaintiff appealed to this Court.

This motion to tax the defendant with the costs of his witnesfes, who had neither been qualified nor tendered, was made in apt time. The question made is whether a party whose witnesses are in attendance, is entitled to have such witnesses who are neither qualified nor tendered before the verdict, taxed against his adversary.

We think the practice in this regard is well settled, that in cases where a verdict is rendered the party is only entitled

to have such witnesses taxed who are either sworn or tendered. *Coston* v. *Baxter*, 7 Jones 111. *Wooley* v. *Robinson*, same 30, and *Venable* v. *Wheeler*, 1 N. C. L. {Reps. 515. When a material witness who is not present at the trial, but who has theretofore been in attendance when the question is made in apt time, a party is only entitled to have such witness taxed against his adversary upon satisfactory proof of the materiality of his evidence, and that his absence was on account of sickness or other sufficient cause; for if the witness failed to attend without sufficient excuse, he is not entitled to have his attendance taxed against either party, but is liable to a penalty of forty dollars, and to such damages as the party may have sustained by reason of his wilful default.

When the question is as to the number of the witnesses to be taxed, on account of a conflict of evidence, that is matter of discretion for the Judge who tries the cause, and no appeal lies in such a case.

There is error. This will be certified.

PER CURIAM. Judgment reversed.