## SNYDER v. IOWA CITY.

**Fees:** WITNESS: EXPERT TESTIMONY. Physicians or other professional men who may have been summoned as witnesses are not entitled to extra compensation under section 3814 of the Code, unless called to testify as experts and give an opinion based upon their special study and experience.

*Appeal from Cedar Circuit Court.*

THURSDAY, JUNE 17.

DURING the February term, 1874, at which this cause was pending, defendant amended the answer and the cause was continued at the costs of defendant.

Plaintiff demanded that, in addition to the ordinary costs of the term, extra compensation be taxed in favor of two persons summoned, as claimed by counsel, as experts.

The plaintiff, in support of his claim, filed an affidavit setting forth in substance the following facts: That the cause was specially set down for hearing on Tuesday, the 24th inst., and for the purpose of proving parts of his cause, plaintiff was compelled to bring from Iowa City, a distance of about thirty miles, two medical gentlemen, to-wit: Drs. Graham and Chase, to give testimony in the trial of this cause; that said gentlemen last named spent three days in attendance on this court at great loss and expense to themselves, being thereby compelled to leave, in each case, a large and lucrative business; that the court, after allowing defendant's amendment, taxed the ordinary costs of the term to the defendant and called for a showing as to the claim said physicians had, as to their character of experts for the purpose of obtaining a larger degree of compensation than the ordinary per diem allowed witnesses.

B. F. Graham filed an affidavit that he was a practicing physician, and that his profits averaged twelve dollars a day.

E. C. Chase filed an affidavit that he was a physician and dentist and that his average income was eight dollars a day.

Upon this showing the court taxed as costs, on account of the attendance of each of these witnesses, the sum of fifteen dollars, being five dollars per day. Defendant appeals.

*Boal & Jackson*, for appellant.

*Chapman & Son* and *Ewing & Ranck*, for appellee.

DAY, J.—These costs were taxed under the provisions of section 3814 of the Code of 1873, as follows: " Witnesses called to testify only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations and state the result thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of the time employed and the degree of learning or skill required."

Whilst the witnesses in question are physicians, and competent to testify to an opinion founded on special study and experience, yet it does not appear from the affidavit in question that they were called for the purpose of giving such testi-

mony. The plaintiff simply states that he was compelled to bring two medical gentlemen to give testimony in the trial of the cause. .But it does not affirmatively appear that these witnesses were called because they were physicians, and for the purpose of testifying to an opinion founded on their special study and experience as physicians. For aught that is shown they were called simply because they happened to know facts respecting which any one would be as competent to testify. The law allows no extra compensation for such testimony. It is our opinion that the court erred in allowing these witnesses extra per diem, upon the showing made.

REVERSED.