ELISHA PORTER v. D. T. DURHAM and BRYAN BROWN.

*Costs—Witness Fees—Practice.*

Where, in an action to recover damages resulting from cutting a ditch, the title to the land came in controversy and on motion of plaintiff a survey was ordered and made, and on the trial the surveyors were summoned as witnesses for plaintiff but were not introduced by him or tendered to defendant, nor was the plat put in evidence, but the defendant examined them and introduced the plat; *It was held*, the plaintiff having obtained a verdict, that the costs of the survey and the witness fees of the surveyors should be taxed against the defendant.

CIVIL ACTION removed from Pender and tried at Fall Term, 1876, of DUPLIN Superior Court before *McKoy, J.*

The question presented by the record and decided by this Court was one of costs which were incurred as follows: The

action was brought to recover damages alleged to have resulted from cutting a ditch upon certain lands, and the title thereto coming in controversy, the Superior Court of Pender upon motion of the plaintiff ordered a survey to be made, which motion was resisted by the defendants. In pursuance of the order a survey was made and a plat returned to Court and filed with the papers in the case. On the trial of the action, the surveyors were summoned as witnesses by the plaintiff, but were not introduced or examined by him, nor the plat put in evidence. The defendants introduced the plat and the surveyors and examined them. The plaintiff closed his case without stating that he tendered the plat or witnesses to the defendants. Upon these facts His Honor considering that plaintiff had incurred useless expense, and had summoned unnecessary witnesses, decreed, that the costs of the survey and the witness fees of the surveyors be paid by plaintiff. There was judgment in the case for plaintiff, and he appealed from so much thereof as taxed him with the said costs.

*Messrs. W. S. & D. J. Devane, W. A. Allen* and *D. L. Russell,* for plaintiff.
*Messrs. J. N. Stallings* and *Merrimon, Fuller & Ashe,* for defendants.

READE, J. We are of the opinion that under C. C. P. § 276, the plaintiff is entitled to recover costs. But of course he is not entitled to recover unnecessary costs. So the question is whether the survey and the attendance at the trial of the surveyors, they being summoned, were proper or necessary costs. The survey was ordered by the Court upon motion of the plaintiff it is true, and that was an adjudication that a survey was proper. That it was useful was shown by the fact that it was ordered by the Court and used

upon the trial by the defendant himself. Surely then he can not complain that it was useless or unnecessary.

What has been said of the survey may be said of the surveyors. It was prudent in the plaintiff to summon them, as they would probably be needed to explain the survey. They were examined as witnesses by the defendant, and therefore it is not for the defendant to say that they were useless. It often happens that a party prepares testimony which will probably be necessary, but which turns out not to be so for him upon the trial; and then he will not be allowed to have them taxed in the costs, unless their materiality is shown, which is usually done by tendering them to the other side who may examine them to show that they were not material. Here the surveyors were not sworn or examined by the plaintiff or tendered to the defendant; but then that was made unnecessary by reason that the defendants examined them as witnesses of their own accord.

There is error. There would be judgment here for the plaintiff for full costs of the survey and of the surveyors as witnesses, but the fees of the witnesses do not appear of record, and therefore this will be certified to the Court below, and the case remanded to the end that there may be judgment for the plaintiff below in accordance with this opinion.

Error.                                             Reversed.