PEOPLE'S NATIONAL BANK of Fayetteville v. A. A. MCKETHAN and others.

*Evidence, immaterial, irrelevant.*

Where in an action against sureties, the execution of a bond of a bank cashier and the reliance of the bank upon such security were in issue, the reception, after objection for inadmissibility, of immaterial or irrelevant evidence which is not calculated to mislead the jury, does not afford sufficient ground to set aside the verdict.

(*May* v. *Gentry*, 4 Iredell & Bat., 117, cited and approved.)

CIVIL ACTION tried at Fall Term, 1880, of CUMBERLAND Superior Court, before *Avery, J.*

The plaintiff appealed from the ruling below.

Messrs. *McRae & Broadfoot*, for plaintiff.
Messrs. *Guthrie & Carr* and *N. W. Ray*, for defendants.

SMITH, C. J. The defendants are sued as sureties on a bond alleged to have been executed by Archibald McLean as principal obligor, on his appointment as cashier to secure the faithful performance of his official duties, and the only question presented in the appeal is as to the admissibility of certain evidence offered by the defendants, and after objection, received by the court upon the trial of the issue of the validity of the bond.

The evidence introduced was an entry in the book of the bank containing the records of proceedings of the board of directors, in these words :

"At a meeting of the directors of the bank this day it was ordered that A. McLean, cashier, be suspended for fifteen days and that he have no connection with this bank for that time, and he is hereby requested to file in this bank, deeds

or mortgages or well endorsed notes to make good all of his liabilities in the bank.

It is further ordered by the directors that B. Fuller, Esq., fill the place of cashier of this bank until further orders, and that he enter at once on the discharge of its duties,"—with names of members of the board present, and dated November 24th, 1876. This entry of the action of the board of directors was introduced as tending to show:

1. That the bond had never been executed, and was not looked to as affording indemnity for the delinquencies of the removed incumbent, which the defendants if bound were abundantly able to make good.

2. That the indebtedness was personal and did not arise out of any breach or omission of official duty, and

3. That it was repugnant to the testimony of the principal witness examined for the plaintiff.

The exception is not to the competency of the record to prove any material fact, but to its relevancy for any of the purposes for which it was adduced.

The removal of a defaulting agent or officer and the effort to obtain from his property the means of security against loss, a plain fiduciary obligation resting upon the managing directors of the bank, afford but very slight evidence, if any, of the non-execution of a bond which a previous record shows to have been tendered and accepted from the cashier, and they are presumed to be cognizant of it. It was the duty of the board to seek and obtain from the debtor himself and from his resources, ample indemnity against loss to the bank if he would give it, and it is a strained inference drawn from an effort to get security from the principal which enures to the benefit of the sureties, that it is an admission that they are not liable at all. The evidence is more pertinent however for this, than for any other avowed purpose.

If the evidence were immaterial or irrelevant, unless it

was calculated to mislead the jury, it would not be sufficient to justify the setting aside their verdict. *May* v. *Gentry*, 4. Dev. & Bat., 117. We do not undertake to determine, however, that the record may not, in connection with other facts proved, have some, however slight, tendency to show a want of confidence in the means of indemnity already possessed, and thus contribute to the conviction that the bond had not been perfected according to law.

It must therefore be declared that there is no error, and the judgment is affirmed.

No error.                                     Affirmed.