84  113
103 430

HENRY H. APLIN, AUDITOR GENERAL, v. HERBERT L. BAKER.

*Taxes—Law of 1889—Subpœnas—Fees of officers—Costs.*

1. The State is not liable for costs in case of a decision in *favor* of a contesting tax-payer in proceedings under the tax law of 1889 for the sale of lands delinquent for taxes.

2. On filing a tax petition under the tax law of 1889 (Act No. 195), upon which 45 descriptions of land belonging to the same person appeared as delinquent, the clerk issued 45 subpœnas directed to such owner, and requiring him to appear and answer the petition, and inserted in *each* of 44 of the subpœnas *one* of said descriptions, all of which subpœnas were served by the sheriff. The owner tendered to the county treasurer the amount due for taxes, interest, and charges, and the legal fee for issuing and serving *one* subpœna, which tender was refused, but was held sufficient by the court below, which decision is affirmed on appeal.

Appeal from Wayne. (Reilly, J.) Argued November 13, 1890. Decided December 24, 1890.

Petition for sale of lands delinquent for taxes, under

Act No. 195, Laws of 1889. Board of Auditors of Wayne county appeal. Affirmed, except as to costs. The facts are stated in the opinion.

*Henry M. Duffield*, for appellants.

*Baker & Clark*, for defendant.

CAHILL, J. This is a case arising upon a delinquent tax petition filed by the Auditor General in Wayne county under the tax law of 1889 (Act No. 195; 3 How. Stat. p. 2936).

The respondent, Baker, is the owner of 45 lots situated in the city of Detroit. These lots were separately entered on the assessment roll. The tax record referred to in the petition of the Auditor General does not state the names of the owners of the various parcels of land. The names of the owners were ascertained by the clerk of the Wayne circuit court by inquiry at the abstract office. The clerk issued separate subpœnas, addressed to the respondent, for each lot or parcel of land assessed, and delivered the same to the sheriff. The sheriff served 45 subpœnas upon the respondent, and the cost of the issuance and service of these subpœnas was added upon the tax record to the amount of the taxes, interest, and other charges against each parcel of land. Each subpœna described a particular lot, respecting which it purported to be issued.

The respondent tendered the county treasurer the amount specified in the petition as due for unpaid taxes, interest, and charges, and in addition the legal fees for issuing and serving one subpœna. This tender was refused because it did not include fees for issuing and serving all of the subpœnas. A formal objection to the allowance of these items of cost was filed in the circuit court, and on a hearing there the court held that the tender was sufficient; that the issuing of more than one

subpœna to the same defendant was unauthorized, and decreed accordingly. From this decree the State appeals.

The question involved, owing to the incompleteness of the statutory direction, is not without difficulty. The statute does not require the subpœna to describe the land supposed to belong to the delinquent tax-payer on account of which it is issued, although there are important reasons why it should do so. It provides no means of ascertaining the name or place of residence of the delinquent tax-payer. Yet, section 53 provides that,—

"After the filing of said petition, the county clerk, acting as register in chancery, shall issue *a subpœna directed to each delinquent tax-paper who is a resident of this State,*" etc.

We held in the case of *Sherman v. Board of Supervisors, ante,* 108, that under the present statute there was no authority in the clerk to incur any expense in ascertaining who were the owners of the lands on the tax record. It is urged by counsel for the State that these proceedings contemplate the establishment of a lien upon each parcel of land for the particular tax and charges against it; that it is the parcels of land that are delinquent, and not the owner; that the proceeding is, in effect, a separate suit against each parcel, as to each of which the owner may make a separate and distinct defense, and as to each of which the court may make a separate and distinct decree; that, by analogy to other suits, a subpœna should issue as to each of such parcels, whether the person upon whom service is to be made be the same in any two of them or not. In support of this view, we are referred to the proviso in section 53, which reads as follows:

"*Provided,* That when two or more subpœnas are served at the same time or place, upon different [delinquent] tax-payers, only one travel fee shall be charged and paid."

A comparison of the original printed bill, as it passed the Senate and House, with the enrolled copy on file in the office of the Secretary of State, shows that the word "delinquent," printed in the Session Laws in brackets, was the word used in the original bill, and that the word "different" was an error in enrollment. Read in this way, the proviso seems to contemplate the service of two or more subpœnas upon the same delinquent in case he is the owner of more than one parcel of land.

But, however plausible these arguments may be, they must give way to the more substantial ones that are opposed to an interpretation so needlessly oppressive to the tax-payer. The purpose of these proceedings is not to punish the delinquent tax-payer, nor to enrich the officers charged with conducting them, but to collect the public revenues. This object is not subserved by adding to the original burden excessive and needless costs and expenses. The aggregate of the taxes, including interest, charged against these 45 lots on the Auditor General's petition, is $22.37. To this amount the Auditor General added $1 to each description for costs of advertising and other expenses of sale, making $45. The clerk's and sheriff's fees here in controversy amount to $66.35, so that if counsel for the State is right in his contention, before the State can get its $22.37 of revenue, the owner of the land must be able to pay in addition thereto $111.-35, or nearly five times as much, in costs and expenses. No merely doubtful interpretation of the statute will justify us in sustaining such a result. In the performance of his duty under the law, it would have been much less trouble for the clerk to have issued one subpœna containing a description of all respondent's lands, as they appeared in the tax record, and it would have answered the same purpose as a notice of the proceedings.

So far as the fees of the clerk are concerned, we intimated a doubt in *Sherman v. Board of Supervisors, ante,* 108, whether they were properly taxable against the land, the amount of such fees not having been fixed by section 53, and section 100 having expressly left the question of the clerk's compensation to be determined by the board of supervisors. We only say here that the clerk was certainly not entitled to fees for issuing more than one subpœna.

The same rule must apply to the sheriff. It is said that he was not to blame; that the writs came to him fair on their face, and his only duty was to serve them. Granting that, it does not follow that he can call upon the respondent to pay him his fees. The respondent is in no way responsible for the issuing of the unnecessary writs, and is no more liable to pay the sheriff for the unnecessary trouble he has taken than is any other person.

Respondent claims that no. decree should have been rendered against his lands for any sum, as he had tendered before the hearing the amount which the court found to be due; but the respondent has not appealed, and we cannot review the correctness of that practice at his request here.

The court below awarded the costs to the appellee. We find no warrant for this in the tax law. The only provision relating to costs is at the close of section 56, which authorizes the court to. decree costs against a person contesting a tax, if the tax is adjudged valid. There is no provision for decreeing costs against the State. As costs are purely statutory, we must hold that the power conferred on the court by section 56 is exclusive of any other.

The decree of the court below, except as to costs, is

affirmed, and the respondent will be allowed to release his lands from the decree by the payment of the sum therein adjudged to be due.

The other Justices concurred.