NELSON WHITFORD v. THE CITY OF NEWBERN.

*Negligence—Damages—Evidence—Charge—Prayer for Instructions—Contributory Negligence—Practice.*

1. In an action against a city for damages for injury, resulting from falling on a "slippery place," upon an issue as to whether such place was a part of the defendant's street, among other testimony admitted, tending to show it was used as a street, the Court allowed a witness, the Mayor of the city, to testify that, "To obstruct it was a violation of law, and parties who did it were tried before me." *Held*, that this testimony, though incompetent, did not entitle defendant to a new trial.

2. The admission of incompetent testimony, unless it might have misled the jury or worked injury, is not a ground for setting aside a verdict.

3. In response to a prayer that if plaintiff knew slime was on the plank, and did not use extra care, it was "contributory negligence," the Court charged, after explaining what negligence is. "If the plaintiff knew the place was slippery, it was his duty to use more care than if he were wholly ignorant of its condition:" *Held*, sufficiently responsive.

4. It was not necessary in this case for the Court to instruct the jury that the plaintiff could not recover upon contributory negligence found; it was its duty, upon issues found, to determine if the plaintiff could recover.

5. It is not essential to give instruction in the language of the prayers.

6. Though there was no testimony but the plaintiff's, and that was to the effect that "he noticed the place was slippery, but was not expecting anything to throw him down, and kept no more lookout than usual;" yet the defendant cannot complain that it was the duty of the Court to find the facts— or instruct the jury more distinctly what they constituted—as the Court gave in substance the charge he asked, and especially as the charge was fair as it stood.

This was a CIVIL ACTION, tried at the Spring Term, 1892, of CRAVEN Superior Court, before *Winston, J.*

The facts sufficiently appear in the opinion.

*Mr. W. W. Clark*, for plaintiff.
*Mr. M. De W. Stevenson*, for defendant.

MACRAE, J.: The action was brought to recover damages for the alleged negligence of defendant in failing to keep its street in good condition, by reason of which failure, and the slippery state of the street, plaintiff fell and was injured. The defendant denies negligence on its part, denies that the place where the injury was sustained was upon its street, and alleges contributory negligence on the part of plaintiff.

In the second cause of action the negligence and the injury are alleged to have occurred upon a public wharf of defendant, instead of upon its street, but by the issues the contention seems to have been narrowed down to the questions whether plaintiff was injured upon a public street which

111—18

defendant was bound to keep in good repair, was he injured because of the negligence of defendant in permitting the street to remain in an unsafe condition, and as to contributory negligence, and damages.

The first exception we will consider, it being the second noted in the case, was to the admission of the testimony of R. P. Williams, who testified that he was Mayor of Newbern in 1890, and that he made the report recommending the extension of Middle street. "This extension was controlled by the city like any other street of the city. We extended Middle street, and it was afterwards used by everyone as a street. People went there and bought fish, and people from James City got off the ferry-boat and walked over it."

The objection to the above testimony, and exception thereto, was not insisted upon in this Court, but the witness further testified : " To obstruct it was a violation of law, and parties who did so were often arrested and tried by me." To this testimony there was an objection and exception by defendant.

It was alleged, and denied, that the place where the accident occurred was upon one of the public streets of Newbern.

One of the issues was, " Was the plaintiff injured while walking on Middle street?" There had been testimony tending to prove that the defendant had authorized and directed the extension of Middle street sidewalk by the construction of a plank walk to a fish-dock, and that this extension was kept in repair under the direction of the defendant and was used by the public ; and to show further that the city exercised authority over this extension, there can be no valid objection to the testimony of the Mayor to the fact that persons were tried by him for obstructing it.

It was not competent for him to testify that to obstruct it was a violation of law, but his Honor, in charging the jury, said : " Mayor Williams' evidence, and that of the other witnesses, that people passed and repassed over the walk,

that the police exercised control over the walk, and that
when parties obstructed the walk or street, if you find it to
have been such, that they were arrested and tried by the
Mayor, and all other evidence of this kind the Court submits
to you, as it tends to prove or to disprove that the city
authorities exercised control over it, to show that the street
was opened under the order of the defendant."

The admission of irrelevant or incompetent testimony is
not always ground for setting aside a verdict. Unless it
appear to the Court that it is calculated to mislead the jury,
or work a prejudice to the party objecting, it ought not to
have this effect. Taken in connection with the charge of
his Honor upon this point, we are of opinion that the defend-
ant could not have been prejudiced by it. *Bank* v. *McKethan*,
84 N. C., 582.

The defendant requested the Court to instruct the jury
that the wharf upon which the plaintiff fell was not a part
of the street of the city of Newbern. This prayer for instruc-
tion was denied, and the defendant excepted. The plaintiff
had alleged, and the defendant denied, that the injury was
sustained upon defendant's street. An issue had been sub-
mitted to the jury involving the same question. It was to
this point that most of the testimony was directed. It was
properly left to the jury under instructions that they must
first find that it was a street, and to do this they must
find that the defendant directed it to be opened, and that it
was opened and used as a street.

The defendant requested the further instruction " that if
plaintiff knew slime was on the planks, and he did not use
extra care, it was contributory negligence, and plaintiff can-
not recover." His Honor, upon the question of contributory
negligence, instructed the jury that the burden of showing
that the plaintiff was negligent rests on the defendant. "But
evidence of this contributory negligence may come from the
plaintiff and his witnesses, and in this case, if the jury shall

find, from all the evidence, that the plaintiff was negligent, then he cannot recover." Then he goes on to explain to the jury what is negligence. "If the jury find that the place where the plaintiff fell was a part of the street, then they may consider the evidence that the same ran through the fish market, and that parties who bought fish and brought the same away, dropped fish slime on the said street. In this case, and on the fourth issue, if the plaintiff knew that the place was slippery, it was his duty to use more care than if he were wholly ignorant of its condition, and it is the duty of the plaintiff to show that he used reasonable care adapted to the circumstances of the case." To this part of the charge the defendant excepts. And defendant excepts to the failure by the Court to use the language of defendant's request.

We think that the language used by his Honor in instructing the jury upon the question of contributory negligence was quite as strong as that which he was requested to use. The request was, "If he knew slime was on the planks, and he did not use extra care, it was contributory negligence, and plaintiff cannot recover." The charge was, "If he knew the place was slippery, it was his duty to use more care than if he were wholly ignorant of its condition."

It was not necessary for the Judge to have instructed the jury upon the issue presented, that the plaintiff cannot recover. The issue presented the simple question, Was the plaintiff guilty of negligence? To which they were to respond, Yes or No—and upon their response to this issue, it was for the Court to determine whether the plaintiff could recover. *Bottoms* v. *Railroad*, 109 N. C., 72. However, it will be seen that his Honor did instruct the jury, that if the jury found from the whole evidence that the plaintiff was negligent, then he cannot recover.

It is not necessary that the Jugde shall give the instructions asked in the very words of the prayer; it is sufficient if he

give the instruction in substance, and this he seems to have done.

The defendant's counsel contends that his Honor should have found the fact and declared whether it was contributory negligence, as the only testimony upon the point whether plaintiff, knowing that the place was slippery, used reasonable care, was that of the plaintiff himself that he noticed the place was slippery, but was not expecting anything to throw him down, and kept no more lookout than usual; and defendant relies for this position on *Emry* v *Railroad.* 109 N. C., 589, where the duty of the presiding Judge is discussed and declared to be, when the facts are ascertained, to instruct the jury whether they constitute negligence.

Whatever force there may be in the contention, it is clear that it cannot avail the defendant, inasmuch as the Court, as we have before remarked, gave, in substance, the instructions prayed for by its counsel. The words, "reasonable care adapted to the circumstances of the case," as used by his Honor, very plainly refer to the preceding language that "it was his (plaintiff's) duty to use more care than if he were wholly ignorant of its condition." Construed in this way, the charge was not obnoxious to the rule laid down in the decision referred to.

Having disposed of all the exceptions, we are of the opinion that there is no error, and that the judgment should be                                    Affirmed.