### SITTON v. LUMBER CO.

(Filed May 24, 1904).

WITNESSES—*Costs—Trial—The Code, sec. 1370.*

> Though a witness can prove his attendance against the party who subpœnas him, such attendance cannot be taxed as costs against the opposite party in case he loses, unless the witness was examined at the trial or was tendered to such opposite party.

ACTION by M. L. Sitton against the Edward-Eversole Lumber Company, heard by *Judge E. B. Jones,* at March Term, 1904, of the Superior Court of SWAIN County. From a judgment for the plaintiff the defendant appealed.

*Bryson & Black,* for the plaintiff.
*A. M. Fry,* for the defendant.

CLARK, C. J. A witness can always prove his attendance against the party who subpœnas him, but his attendance can only be taxed against the opposite party (if it loses the verdict) when he has been examined as a witness on the trial or was tendered to such opposite party on the trial, and even

then not more than two such witnesses can be taxed to prove any single fact. The Code, section 1370; *Cureton v. Garrison,* 111 N. C., 271; *State v. Massey* 104 N. C., at page 881. In *Henderson v. Williams,* 120 N. C., 339, where the defendant's witnesses were present when the case was called for trial for a nonsuit, the costs of such witnesses, not to exceed of course two to prove any single fact (The Code, section 1370), were taxed against the plaintiff because the defendant "had no opportunity to swear, examine or tender his witnesses by reason of the nonsuit." It has always been the recognized practice that, inasmuch as only two witnesses of the successful party to prove any single fact can be taxed against the losing party, the purport of the evidence of the witnesses so sought to be taxed shall be demonstrated by examination on the trial, or at least that the losing party may have an opportunity to ascertain the materiality of the evidence of such witnesses, and prevent being taxed with an excessive number upon any single point by such witnesses being sworn and tendered to the opposite party for examination. *Porter v. Durham,* 79 N. C., 596. It is true that in *Loftis v. Baxter,* 66 N. C., 340, it is said that the witnesses must be "sworn or tendered," but this is an inadvertent expression for "sworn and examined or tendered," *i. e.,* witnesses subpœnaed by the successful party cannot be taxed against the losing party unless sworn and examined by the successful party, or sworn and tendered to the losing party to be examined, that their materiality may be shown. Otherwise a successful party may oppress the losing party by subpœnaing and swearing any number of witnesses and having their attendance taxed, while examining only the few necessary to gain the action. Merely swearing the witnesses would be no assurance of their materiality. They must be examined or tendered to the opposite party to be examined, should he so choose, and if examined by the opposite party

they are to be examined as the witnesses of the party summoning such witnesses, and under the rules of cross-examination pertaining to the examination of an adversary's witnesses.

In *Cureton v. Garrison, supra,* the Court held "no error" upon the following ruling of the Judge (*Hoke*) below: "If the witnesses were not sworn and examined or tendered, even though attending under subpœna, and though they would have given material evidence, their fees cannot be taxed against the losing party."

The judgment below taxing against the losing party witnesses of the other side, who were neither examined nor tendered on the trial, is

Reversed.