MOORE v. GUANO CO.

(Filed October 18, 1904).

COSTS—*Witnesses.*

> Where, pending a re-trial, an action was compromised under an agreement that the defendant should pay the costs, the defendant was not liable for the costs and expenses of witnesses subpœnaed by the plaintiff, but not sworn, examined or tendered to the defendant.

ACTION by F. M. Moore against the Navassa Guano Company, heard by *Judge R. B. Peebles,* at Spring Term, 1904, of the Superior Court of BRUNSWICK County. From a judgment for the plaintiff the defendant appealed.

*T. E. Brown* and *J. D. Bellamy,* for the plaintiff.
*Rountree & Carr,* for the defendant.

MONTGOMERY, J. The plaintiff instituted three several actions against the defendant company in the Superior Court of Brunswick County, for injury caused to the crops and premises of the plaintiff on account of a faulty method of the defendant in the manufacture of its guano. No witnesses were subpœnaed in the last two actions, but a large number were subpœnaed in the first action. The first action was regularly tried at Fall Term, 1901, and there followed a verdict and judgment for the plaintiff. Upon appeal to the Supreme Court by the defendant a new trial was granted to the defendant. Before the new trial was had, or any further proceedings were taken in the other actions, the parties compromised and settled the three actions. The amount of $6,300 was paid by the defendant to the plaintiff in full settlement of any and all suits then pending in the Superior Court of Brunswick County, brought by the plaintiff against

the defendant, and of any and all other causes of action aris-
ing from the operation of the factories of the defendant at
Navassa, whether included in said suits or not. The receipt
of the plaintiff for the $6,300 contained a clause bearing
upon the question raised in this appeal in the following
words: "It is further agreed that I shall suffer a nonsuit or
enter a retraxit in said action, the said Navassa Guano Com-
pany to pay the costs, to be taxed by the Clerk." Then
followed this agreement: "A judgment in the cause that it
be dismissed at the defendant's cost, to be taxed by the Clerk."
There was no judgment entered in the other cases.

The defendant paid the costs in the action that was tried,
except the tickets of a large number of witnesses, who, on
the trial had not been sworn, examined or tendered to the
defendant. The defendant also paid the costs as taxed by
the Clerk in the two actions that were not tried. Afterwards
the defendant moved that the costs be re-taxed in the first
action, and the matter was referred to E. S. Martin to hear
the evidence and to render his findings as to the amounts in
each item excepted to. The referee heard the matter and
reported his findings to the Court, and it will not be out of
place to say that it is a model both in the clearness of the
findings of fact and the conclusions of law. We have recited
in this opinion the findings of fact. The plaintiff excepted
to all the conclusions of law except the first. The second,
third, fourth and fifth conclusions of law are as follows:

2. "That the facts found show that all the witnesses were
subpœnaed in the first action instituted by the plaintiff on
October 5, 1899, and tried at Fall Term, 1901, and that no
witnesses were subpœnaed in the other two actions, which
have never been tried. Therefore all witness fees, including
mileage allowed by law to be taxed as cost, should be taxed
by the Clerk as costs in the first action; and the defendant's
exceptions relate therefore to the first action."

3. ·"That the cost to be taxed by the Court or Clerk can mean only such costs and expenses as are allowed by law to be taxed as cost.  Therefore, according to làw, the defendant company is not liable for nor compellable to pay, as costs, the witness fees and mileage of any witness subpœnaed by the plaintiff who was not sworn, examined or tendered by him to the defendant on the trial of said action, as the law does not permit the fees and mileage of any witness for the plaintiff not sworn, examined or tendered as aforesaid, to be taxed as costs against the defendant in said action."

4. "That it appears that in the other two actions no judgments have been rendered, but according to the agreement the costs of each of said actions are to be taxed by the Court or Clerk and paid by the defendant, that is to say, only such costs as are allowed by law to be taxed as costs."

5. "That the costs taxed by the Clerk in both of said actions (see Exhibit 25, report of evidence) are the only legal and proper costs in said actions for which the defendant is liable according to law; and as the defendant has paid the same, it has fully performed on its part the agreement made with the plaintiff as to the costs of said two actions."

The exceptions of the plaintiff were sustained by the Court at the hearing—his Honor holding that the agreement of settlement imposed upon the defendant was a guarantee that the plaintiff should have no cost to pay, and that it covered all the costs the plaintiff was liable for in law to his own witnesses.  We are of the opinion that in that ruling there was error.  On the trial below these witnesses of the plaintiff were not sworn, examined or tendered by him to the defendant, and the law does not permit that fees and mileage of any witness, not sworn and tendered to the other party or examined, shall be taxed against that other party.

In *Cureton v. Garrison,* 111 N. C., 271, this Court said: "Where a witness, though duly subpœnaed, is ·neither exam-

ined nor tendered to the opposite party on the trial, his attendance can be taxed only against the party who summoned him." To the same effect are the cases of *Loftis v. Baxter,* 66 N. C., 340, and *Silton v. Lumber Co.,* 135 N. C., 540.

The report of the referee ought to have been confirmed. The judgment of the Court below is

Reversed.