BROWN v. RAILROAD.

(Filed December 5, 1905).

*Trial—Tender of Witnesses—Argument of Counsel—Right to Open and Conclude.*

The tendering of witnesses by the defendant for the purpose of having their fees taxed as costs does not amount to the introduction of evidence within the meaning of the Superior Court, Rule 3, and does not take from the defendant the right to open and conclude the argument.

ACTION by J. R. Brown against the Southern Railway Company, heard by *Judge M. H. Justice* and a jury, at the July Term, 1905, of the Superior Court of McDOWELL. From a judgment for the plaintiff, the defendant appealed.

*Justice & Pless* for the plaintiff.
*S. J. Ervin* for the defendant.

BROWN, J. The plaintiff offered evidence tending to prove that his mule was killed on the defendant's track at a crossing by coming in contact with a box car which partly obstructed the crossing, and which had been negligently left there for some time in such position by the defendant's agents. There was a motion for judgment of nonsuit, and this being denied the defendant excepted. The defendant offered no evidence.

After the argument was begun, the defendant asked to tender the witnesses summoned by it to the counsel for the plaintiff. This was done in order that they might be taxed in the event the plaintiff was cast under the ruling in *Loftis v. Baxter,* 66 N. C., 340, and *Henderson v. Williams,* 120 N. C., 341. The plaintiff's counsel proceeded to examine one of these witnesses before the jury, and after examining this witness claimed the right to open and conclude the argu-

ment.    The court ruled that the tender of the witnesses by the defendant's counsel amounted to introducing evidence, and that, according to the practice of the court, the plaintiff should open and conclude the argument, and the defendant excepted to this ruling.

In the rules of practice adopted by the justices of this court for the government of the Superior Courts it is provided: "In all cases, civil or criminal, when no evidence is introduced by the defendant, the right of reply and conclusion shall belong to his counsel." Rule 3, 128 N. C. In all other cases, the right to open and conclude the argument is left to the discretion of the judge and his decision is not reviewable. Rule 6. We do not think the tendering of the witnesses for the evident purpose of having their fees taxed, as costs, amounted to the introduction of evidence within the letter or spirit of Rule 3 above quoted. The introduction of evidence includes something more than the tendering of a witness.

One of the ablest law writers, Thomas Starkie, defines evidence as follows: "That which is legally submitted to a jury to enable them to decide upon the questions in dispute or issue as pointed out by the pleadings, and as distinguished from all comment and argument, is termed evidence." Starkie on Evidence, p. 8, sec. 3. Mr. Elliott says that Starkie's definition is among the clearest and best that has ever been framed. Elliott, sec. 6.

The word "evidence" is used in Rule 3 in the sense and with the significance given to it by the text and judicial writers. Witnesses are vehicles or means of proof. Evidence is the proof itself, offered to establish or disprove an alleged fact, the truth of which is in dispute. Unless the party tendering a witness examines such witness, with a view thereby to elicit proof in support of his side of the controversy, he cannot be said to introduce evidence.

If we should adopt the construction placed upon the rule

by the court below, then defendants will in all cases have to surrender the right to have their counsel open and conclude the argument, under the terms of the rule, or else forfeit the right to have their witness fees taxed, as costs, although the plaintiff should be cast in the suit. We are quite sure such a construction or intention was not in the minds of our predecessors when the rule was formulated.

We have examined the cases of *Cureton v. Garrison,* 111 N. C., 271, and *Sitton v. Lumber Co.,* 135 N. C., 542, and neither of them decides the point presented upon this appeal. They relate to the taxation of costs only.

The object of tendering the witnesses is to give the adversary party an opportunity to test their materiality, and to prevent oppression by summoning a multitude of immaterial witnesses for the purpose of increasing costs. This disposition of the case renders it unnecessary to consider the remaining exceptions of the appellant.

New Trial.