A. H. HERRING and wife v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 20 March, 1907).

**Witnesses—Prove Attendance—General Rule—Exception—Clerk's Decision—Excusable Neglect—Appeal.**—When a witness is subpœnaed to testify upon an issue as to negligence raised by the pleadings, and there is an amendment made at the term of his attendance eliminating the issue, and thereafter the cause is tried in the absence of the witness, it is an exception to the general rule that only witnesses for successful litigants, under subpœna, examined and sworn or tendered at the trial can prove their attendance; but the decision of the Clerk, approved by the Judge, in the absence of appeal therefrom and a motion to set it aside upon the round of excusable neglect, is conclusive.

MOTION on part of defendant to retax costs, heard before *Allen, J.,* at April Term, 1906, Superior Court of SAMPSON County.

The action was to recover damages for wrongfully causing a fire by an engine of defendant company, and by reason of which certain lands of plaintiffs were burned over and injured.

At October Term, 1903, the action was tried, and judgment rendered in favor of plaintiff for the damages and "costs to be taxed by the clerk."

Defendant insisted that the cost had been erroneously taxed in charging against it the amount of some witness tickets, when these witnesses, subpœnaed by plaintiffs, had been neither examined nor sworn and tendered at the trial.

The motion to retax was denied, and defendant excepted and appealed.

*H. L. Stevens* and *Davis & Davis* for defendant.
No counsel *contra.*

Hoke, J.　The general rule is that when there has been a trial of the cause only those witnesses of the successful litigant can be taxed against the losing party who were under subpœna and who were examined or sworn and tendered at the trial. *Moore v. Guano Co.,* 136 N. C., 248; *Sitton v. Lumber Co.,* 135 N. C., 540; *Cureton v. Garrison,* 111 N. C., 271.

This rule is sometimes modified when it is made to appear, on motion, in apt time, that a witness, who had attended under subpœna, was unavoidably absent at the time of trial, and that his evidence was material. *Loftis v. Raxton,* 66 N. C., 340.

And it is ordinarily only applicable when there has been a trial. Where the action has terminated without a trial, and when no opportunity has been presented for the successful party to examine or swear and tender his witnesses, in such case the liability for costs must be determined from different

data and on other principles. *Henderson v. Williams,* 120 N. C., 339.

There is evidence sent up which tends to withdraw the case from the application of the rule first stated; for there are two affidavits, uncontradicted, in which it appears that the witnesses in question attended under subpœna when there was an answer of defendant on file which raised issues as to whether defendant's engine negligently started the fire, and also as to the amount of damage.

Subsequently, by leave of Court, the pleadings were amended, and the defendant filed an answer admitting the negligence and joining issue only on the amount of damage.

When the change was made, the witnesses in question, who had been subpœnaed to prove the negligence, were excused from further attendance, and so were not present when the trial was had.

We are not required, however, to determine this matter, because, from the facts presented, the defendant is precluded from raising the question as to the cost in question.

It appears from the record that the defendant has heretofore moved before the Clerk of the Court to have the cost of these witnesses retaxed; and, after full hearing, the motion was denied by the Clerk, and defendant "appealed to Superior Court in term time."

At May Term, 1905, of Superior Court, before his Honor, *Allen, J.,* present and presiding, the report and order of the Clerk was in all respects "ratified, approved and confirmed." From this judgment no appeal was taken, and no facts are shown which would induce a Court to set the same aside, or which would justify such action for surprise or excusable neglect.

The judgment of the Clerk on the question of costs would bind the parties unless appealed from. *Cureton v. Garrison,*

*supra;* and the judgment of *Allen, J.,* at May Term, 1905, by which the order of the Clerk was approved and confirmed is a conclusion of the matter while it stands undisturbed on motion to set it aside for excusable neglect or by appeal to a higher Court.

It is well established that one Superior Court Judge cannot review or set aside, as on appeal, the action of a former Superior Court Judge which makes final disposition of a substantial right of a party litigant.    *Clement v. Ireland,* 138 N. C., 139; *Rhoulac v. Brown,* 87 N. C., 1.

As said by *Ashe, J.,* in this last case: "The decision of the first motion was made by a Court of competent jurisdiction upon a substantial right which was reviewable by appeal; but no appeal was taken, and such decision must therefore govern this case as *res adjudicata.*"

We are of opinion, and so hold, that this judgment referred to, entered at May Term, 1905, is conclusive on the parties, and the Judge below properly refused to alter or disturb the disposition made of the matter pursuant to that judgment.

There is no error.

Affirmed.