JERE HOBBS v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 13 October, 1909.)

**Witnesses—Fees—Costs.**

> Witness fees may not be taxed in the cost against an unsuccessful litigant, though the witnesses were subpœnaed, when they were not examined or tendered, or, if the witnesses did not attend the trial, having a legally sufficient excuse, it is not shown that their evidence was material. Nor can fees be taxed when it only appears that the failure of the witness to attend was inexcusable.

APPEAL by defendant from *Guion, J.,* 5 May, 1909, from ONSLOW.

The facts are sufficiently stated in the opinion.

No counsel for plaintiff.
*Davis & Davis* and *Frank Thompson* for defendant.

WALKER, J.    This is a motion by the defendant in the above-entitled cause to retax costs.    The clerk of the court, before whom the motion was made, found and stated the facts, from which it appears that the case was tried at April Term, 1909, and that D. L. Hobbs and S. T. Brittan, who were subpœnaed as witnesses by the plaintiff, had attended as such at a term of the court prior to the April Term, 1909, but were not present at the trial term, S. T. Brittan having died since the last preceding term; that D. V. Justice had attended, under subpœna, as a witness for the plaintiff at several terms, including the trial term, and was sworn, but not examined nor tendered to the defendant when the case was tried.    J. W. Spicer, a witness for the defendant, was duly subpœnaed to attend at the trial term, but failed to do so, or, rather, left the courthouse before the trial of the case and without giving the defendant an opportunity to examine him.    The clerk ruled that the fees of certain other witnesses, who had not been sworn and examined or tendered to the defendant, should not be taxed against the defendant, but held that D. V. Justice was not entitled to prove his attendance at the trial term and to have his fees for that term taxed against the defendant, but was entitled to have his fees for attendance at prior terms so taxed.    He also held that the fees of the witnesses, Hobbs and Brittan, should be taxed in the bill of costs against the defendant.    Judgment was entered accordingly.    In his judgment he does not distinctly rule as to the fees of the defendant's witness, J. W. Spicer, but merely states that he had not "proved his attendance at the trial term."    The defendant excepted to the clerk's rulings and judgment, and appealed to the Superior Court, and his judgment was affirmed.    It thereafter excepted and appealed to this Court, assigning errors as follows:

1. That the court erred in taxing the witness tickets of D. L. Hobbs and S. T. Brittan against the defendant.

2. That the court erred in taxing the witness tickets of D. V. Justice for the term of court prior to April Term, 1909, against the defendant.

3. That the court erred in taxing the witness tickets of Jere W. Spicer against the defendant.

4. That the court erred in affirming the judgment of the Clerk of the Superior Court of Onslow County in said cause.

The general rule which is applicable to the facts under consideration is, that when a cause has been tried, only those witnesses of the successful party who have been sworn and either

examined or tendered to the opposite party can be taxed against the latter. . *Venable v. Wheeler,* 4 N. C., 128; *Costin v. Baxter,* 29 N. C., 111; *Wooley v. Robinson,* 52 N. C., 30; *Loftis v. Baxter,* 66 N. C., 340; *Cureton v. Garrison,* 111 N. C., 271; *Moore v. Guano Co.,* 136 N. C., 248; *Herring v. Railroad,* 144 N. C., 208. The reason for the rule is, that if the witness is examined, the nature of his testimony will appear and the court can then judge as to its materiality, or, if he is tendered, the party to whom the tender is made has the opportunity, not only of using him as a witness, but of ascertaining whether or not his testimony is relevant to the controversy, and consequently whether he should be made to pay for his attendance if he should be cast in the suit. There is still another branch of the rule which has not been stated, and it is this: "When a material witness is not present at the trial, but has theretofore been in attendance, and when the question is made in apt time, a party is only entitled to have such witness' fees taxed against his adversary upon satisfactory proof of the materiality of his evidence, and that his absence was on account of sickness or other sufficient cause; for if the witness failed to attend without sufficient excuse he is not entitled to have his attendance taxed against either party, but is liable to a penalty of forty dollars and to such damages as the party may have sustained by reason of his willful default." *Boyden, J.,* in *Loftis v. Baxter, supra.* See, also, *Venable v. Martin, supra.*

In this case the plaintiff was the prevailing party and entitled to recover costs of the losing party, the defendant, which are allowed by the statute, as construed by this Court.

It appears that the two witnesses, Hobbs and Brittan, had attended, under subpœna, as witnesses for the plaintiff, but not at the trial, and that Justice attended at April Term and also at previous terms, but it does not appear that they were "examined or tendered," or that their testimony was material. It is true Brittan died before the case was tried, but that can make no difference, for the plaintiff could still have proven the materiality of his testimony. Indeed, that fact was peculiarly within the knowledge of the plaintiff. The names of those witnesses should have been stricken from the bill of costs. The plaintiff must pay them, if they see fit to compel him to do so.

As to the witness J. W. Spicer, if he absented himself and thereby failed to obey the subpœna issued for him, he is not entitled to any fees. The exceptions of the defendant should have been sustained by the court and the bill of costs reformed accordingly, and in failing to do so there was error.

Reversed.