## A. E. CHADWICK v. LIFE INSURANCE COMPANY OF VIRGINIA.

### (Filed 20 March, 1912.)

1. **Motions—Retaxing Costs—Collateral Matters—Parties.**

   The taxing of costs in an action is a collateral matter in which the witnesses and others claiming the costs, and the party against whom the costs have been taxed, are the real parties, and they may be retaxed at any time within twelve months.

2. **Motions—Retaxing Costs—Judgment—"To be Taxed by Clerk" —Res Judicata.**

   A judgment that a party litigant recover against his adversary the costs of the action "to be taxed by the clerk," by its express terms directs the clerk to tax the costs, and his doing so cannot be held as *res judicata.*

3. **Motions—Retaxing Costs—Witnesses—Tender—Nonsuit — Materiality.**

   When on motion of defendant a nonsuit upon the evidence is ordered after the examination of plaintiff's witnesses, the cost of defendant's witnesses may not be taxed against the plaintiff when defendant has not tendered them; for he should have done so after the nonsuit was ordered, to give the plaintiff an opportunity to examine them upon their materiality, etc.

4. **Motions—Costs—Expert Allowance—Interpretation of Statutes— Res Judicata—Legality of Fees.**

   The court has now the statutory authority to fix the fees of expert witnesses (Revisal, sec. 2803), and its action is *res judicata* as to the amount, leaving open the question of the legality of the taxing of the fee on a motion to retax.

5. **Same.**

   The court having fixed the fees of certain named experts, it was made to appear, on a motion to retax, that the witnesses had not been examined by or tendered to the party against whom the costs were taxed: *Held,* these witness tickets were not properly taxable against the losing party, but should be paid by the party whose witnesses they were.

APPEAL from *Bragaw, J.,* at April Term, 1911, of WAKE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Douglass, Lyon & Douglass for plaintiff.*
*John W. Hinsdale for defendant.*

CLARK, C. J. This is a motion to retax a bill of costs. The action was for a small sum. At the conclusion of plaintiff's testimony the judge nonsuited the plaintiff and the bill of costs as taxed amounts to $262.85, including fees to five expert witnesses and mileage of witnesses from Buncombe, New Hanover, Guilford, Durham, and other counties. The judgment entered by his Honor was "that the defendant recover against the plaintiff and surety on the prosecution bond the cost of this action *to be taxed by the clerk* (including an expert fee of $10 to each of the following witnesses: Drs. W. L. Dunn, W. H. Honeycutt, J. H. Borneman, Charles T. Harper, and A. W. Goodwin)."

The first objection raised by the defendant is that a subsequent judge has no right to review the action of the trial judge, much less can the clerk of the court do so. An examination of the judgment, however, shows that the taxing of the costs was to be done by the clerk himself and that the judge simply fixed the amount of the expert fees and ordered plaintiff to pay the costs. The same point was raised in *In re Smith,* 105 N. C., 167, and the Court held, after full discussion of the authorities, that it was error in the subsequent judge to hold that the taxation of costs by the former court was *res judicata* and that he had no power to correct the same. In that case the Court pointed out that the motion to retax costs can be made at any time within twelve months; that it is not a reopening of the matter decided upon the issues between the plaintiff and defendant, but that it is a collateral inquiry in which the real parties are the witnesses and others claiming the costs and the party against whom they are taxed. This is cited and approved. *Cureton v. Garrison,* 111 N. C., 272.

At common law, in civil cases neither party recovered costs and each side paid its own witnesses. *Costin v. Baxter,* 29 N. C., 111; *S. v. Massey,* 104 N. C., 878. By statute, the losing party is taxed with the costs of the witnesses of the winning party, but to prevent oppression only two witnesses of the winning side to each material fact can be taxed against the losing side (Revisal, 1300), and then only if subpœnaed and examined or tendered. *Cureton v. Garrison,* 111 N. C., 272; *Loftis v. Baxter,* 66 N. C., 340; *Wooley v. Robinson,* 52 N. C., 30. These

cases have been cited and approved, *Sitton v. Lumber Co.,* 135 N. C., 541, in which the Court says that the Court in *Cureton v. Garrison* "sustained the following ruling of the judge (*Hoke*) below: 'If the witnesses were not sworn and examined or tendered, even though attending under subpœna, and though they would have given material evidence, their fees cannot be taxed against the losing party.'" The same cases have also been followed and approved in *Moore v. Guano Co.,* 136 N. C., 251, and in *Hobbs v. R. R.,* 151 N. C., 136, in which last *Walker, J.,* after citing numerous authorities, lays down the rule, "Only those witnesses of the successful party who have been sworn and either examined or tendered to the opposite party can be taxed against the latter." He adds: "The reason for the rule is, that if the witness is examined the nature of his testimony will appear and the court can then judge as to its materiality, or, if he is tendered, the party to whom the tender is made has the opportunity not only of using him as a witness, but of ascertaining whether or not his testimony is relevant to the controversy, and consequently whether he shall be made to pay for his attendance, if he should be cast in the suit."

In *Brown v. R. R.,* 140 N. C., 154, *Brown, J.,* quotes this as the well-settled rule, and says: "The object of tendering the witnesses is to give the adversary party an opportunity to test their materiality and to prevent oppression by summoning a multitude of immaterial witnesses for the purpose of increasing costs."

In *Herring v. R. R.,* 144 N. C., 209, *Hoke, J.,* cites the same rule and the same authorities, but made an exception where after a witness had been subpœnaed and attended, by amendment of the pleadings he was excused from further attendance, and hence was not present at the trial," and could not be tendered. He cites also as an exception, *Henderson v. Williams,* 120 N. C., 339, where by reason of a voluntary nonsuit the defendant "had no opportunity to tender his witnesses."

In the present case the plaintiff had examined her witnesses when on motion of the defendant a nonsuit was ordered. The defendant could and should then and there have tendered its

witnesses and have given the plaintiff an opportunity to examine them and strengthen her case or to demonstrate their immateriality, if it was sought to charge plaintiff with them.

Originally, the court could not fix an allowance for expert witnesses, but by an amendment to the statute which is to be found in Revisal, 2803, the court now has such powers. The allowance of $10 to each of the five expert witnesses, four of whom were summoned from distant counties, is *res judicata* as to the amount and is properly taxable at least against the party summoning such witnesses, and to that extent it is not reviewable on a motion to retax. But the question whether the evidence of all five of these experts was material, and whether or not more than two of them were not to testify to the same material point as other witnesses, are matters which were not settled by the order fixing the amount allowed the experts nor by adjudging that the plaintiff pay costs. That means only legal costs, and their legality can be considered on a motion to retax.

In *Porter v. Durham*, 79 N. C., 598, the Court allowed the fees of the surveyors, which might be called expert fees, though they were not examined by the plaintiff who summoned them nor tendered to the defendant, because, said *Reade, J.,* it "was made unnecessary by reason that the defendants examined them as witnesses of their own accord." That was not the case with the doctors who were summoned on this occasion. There was no reason why the defendant company when it moved for nonsuit should not have tendered its witnesses, as much so as if the plaintiff has "rested," or on any other occasion when the party who ultimately gains the case has witnesses in attendance whom it may think it unnecessary to examine. In this case the defendant admits that "none of its witnesses were sworn, examined or tendered." Under the uniform decisions of this Court, many of which have been above cited, the bill of costs should be retaxed by charging said witnesses to the party which summoned them, and not to the opposite party, who was afforded no opportunity to protect itself against oppression by showing the immateriality of their evidence by an examination of them. Indeed, the plaintiff avers that certain of the witnesses whose

mileage and per diem are taxed were not even in attendance upon the court and that others were·the superintendent and other officers of the defendant, who should not have proved attendance.

The bill of costs should be retaxed in accordance with this opinion.

Reversed.