CAROLINA STALEY v. BRUCE STALEY et al.

(Filed 28 November, 1917.)

### Costs—Admissions—Processioning—Title—Issue.

Where, in proceedings to procession lands, plaintiff's title is denied, upon allegation of insufficient knowledge [Revisal, sec. 479 (1)], and without objection the cause is transferred to the civil issue docket for trial, and a survey being necessary, the judge has ordered it to be made, to which defendant excepts without giving any ground; and upon trial, after survey made, it is admitted by the parties that the title to a part of the land was in plaintiff, he is entitled to recover his costs, except that of witnesses present at the trial who were neither tendered nor sworn. Revisal, sec. 1264 (1).

APPEAL by defendants from Cline, J., at July Term, 1917, of RAN-DOLPH.

This was a proceeding under the Processioning Act (Revisal, 326), begun before the Clerk of the Superior Court of Randolph. The petition alleges that the plaintiff is the owner of a tract of land containing 69 acres, fully describing the same by metes and bounds. On a survey, ordered by the court, it appears to contain 73 acres. The defendants denied that the petitioner was the owner of said land, and the clerk transferred said case to the trial docket of the Superior Court at term, because the title was put in issue. The defendants did not except to the order. At no time before the trial, nor in the pleadings, did the defendants admit that the petitioner was the owner of the land. The case came on for trial at July Term, 1917, as an action to quiet the title, the plaintiff being in possession.

After the jury was impaneled and pleadings read, when the plaintiff was proceeding to introduce her record title, and the witnesses necessary to show possession in order to prove title out of the State and against all other persons, the defendants admitted in open court that the plaintiff was the owner of the land embraced within the boundaries, R. S. V. P., as shown by the plat, consisting of 73 acres, and that it was the true location of the boundaries of her land, it being all the land claimed in the first paragraph of the complaint and according to the metes and bounds therein given. Thereupon, the plaintiff moved for judgment, for that particular land and the costs, which was granted, except that the court did not allow the plaintiff's witnesses to prove against the defendant, since they were neither sworn, tendered, or examined.

Judgment was signed, upon the admission of the defendants in open court that the plaintiff is the owner and in possession of the tract of land shown in the map submitted by the surveyor, containing nearly 74 acres embraced within the lines, R. S. V. P., and the defendants admitted that these lines are the true boundaries of the lands described in paragraph 1

of the complaint, and for costs against the defendants, except that the plaintiff was not allowed the attendance of his witnesses who were not sworn and tendered. The defendants appealed from the judgment for costs.

G. S. Bradshaw and J. A. Spence for plaintiff.
Brittain & Brittain, W. C. Hammer, R. C. Kelly, and H. M. Robins for defendants.

CLARK, C. J. The only question presented is the judgment against the defendants for costs. Paragraph 1 of the complaint alleged that the plaintiff was the owner of a tract of land set out by metes and bounds. To this the answer averred that the defendants "have not sufficient knowledge or information to form a belief, and therefore deny the same." Revisal, 479 (1). There were other allegations in the complaint as to boundaries, which were also denied. Upon the issues thus raised, the case was transferred to the term of the Superior Court for trial without exception. The judge made an order, "It appearing to the court, from the pleadings, that a survey of the lines and boundaries mentioned in the pleadings is necessary to enable the court and jury to intelligently pass upon the contentions of the parties,".and appointed two surveyors, with directions "to survey all the lines in dispute according to the contention of all the parties, and make a report of the same, with a map showing the various lines and corners in dispute, to the next term of court." The defendants excepted without giving any ground.

At the trial term, after the jury was impaneled and pleadings were read, the court called attention to the denial in the answer of the plaintiff's allegation of ownership in paragraph 1 of the complaint, which in effect converted the action into one of ejectment, and inquired of counsel for defendants if they denied plaintiff's title to all the land claimed, or only such portion along the side-lines as were covered by a conflict of claims as to location. No answer was made, and plaintiff was proceeding to offer proof of title, when defendants' counsel stated that they admitted the plaintiff was the owner of and entitled to the land shown on the court map as lying within the boundaries, R. S. V. P., and said that was the true and correct location of the lines and boundaries of her land. The counsel for the plaintiff stated they could not recover any more than that, and asked for judgment in favor of the plaintiff according to said admission, which motion was allowed by the court, with costs.

The defendants objected that they were not liable for costs, as their admission was only in accord with their contention as run by the surveyor. The court held that as the defendants had denied plaintiff's allegation of ownership in its entirety, and had caused the clerk, upon the

41—174

issues thus raised, to transfer the cause to the civil issue docket at term for trial, and had made no admission until the trial was in progress, the plaintiff was entitled to recover costs, under the statute; but inasmuch as the plaintiff saw fit to accept defendants' admission and move for judgment thereon, without swearing, tendering, or examining any witnesses, the plaintiff was not allowed to prove the attendance of any witnesses against defendants at this term. In this we find no error.

Revisal, 1264 (1), provides: "Costs shall be allowed, of course, to the plaintiff upon a recovery (1) in an action for the recovery of real property, or when a claim of title to real property arises on the pleadings, or is certified by the court to have come in question at the trial." The answer of the defendants put the title in question, and though the plaintiff may not have recovered to the full extent of the contentions in her complaint, she recovered judgment and was entitled to costs. And upon examination of the pleadings, the order for a survey was not improvidently made.

If the defendants had entertained the same view at the time of filing the answer as at the trial, they should have admitted the allegations of paragraph 1, and then if the plaintiff had recovered nothing more, costs would have been adjudged against the plaintiff. It may well be that by reason of the information obtained in making the survey the plaintiff ascertained that she could not recover anything more than what was alleged in paragraph 1, and that the defendants also learned that they could not resist her claim as to that. However that may be, the judgment was in accordance with the statute.

The plaintiff excepted to the refusal to tax her witnesses at the trial term against the defendants, but such order was properly made. *Moore v. Guano Co.*, 136 N. C., 248; *Cureton v. Garrison*, 111 N. C., 271.

No error.