JOY *v.* INGHAM CIRCUIT JUDGE.

COSTS—EXPERT WITNESSES—STATUTORY FEES.

> Section 12557, 3 Comp. Laws 1915, limiting the right to hire and pay expert witnesses in excess of the statutory fee, and providing that an award in such cases shall be made by the court, is no authority for the court to tax such excess fee so allowed against the defeated party.

Mandamus by William H. Joy and another to compel Charles B. Collingwood, circuit judge of Ingham county, to set aside an order taxing costs. Submitted October 8, 1918. (Calendar No. 28,376.) Writ granted December 27, 1918.

*Cummins & Nichols,* for plaintiffs.

*L. B. Gardner* and *O. J. Hood,* for defendant.

BROOKE, J. Mandamus. Petitioners, who were defendants in an equity proceeding, were finally defeated in this court where an opinion was filed requiring petitioners, as such defendants, to pay the costs of both courts. *Saier* v. *Joy,* 198 Mich. 295. In the original case the plaintiffs had called and examined as experts, six physicians. After the opinion in this court went down plaintiffs applied to the circuit court for an order allowing expert witnesses' fees to said six physicians under 3 Comp. Laws 1915, § 12557, which reads as follows:

"No expert witness shall be paid, or receive as compensation in any given case for his services as such, a sum in excess of the ordinary witness fees provided by law, unless the court before whom such witness is to appear, or has appeared, awards a larger sum. Any such witness who shall directly or indirectly receive a larger amount than such award, and any person who shall pay such witness a larger sum than such award,

shall be guilty of a contempt of court, and on conviction thereof be punished accordingly."

To this application defendants (petitioners herein), interposed objections as follows:

*First.* That under 3 Comp. Laws 1915, § 12558, the number of expert witnesses should be limited to three.

*Second.* That the statute did not in terms direct or authorize the court to allow or tax the sums so awarded as a part of plaintiffs' costs in the case against the opposite party.

Whereupon the court made an order limiting the number of expert witnesses to three and fixing compensation at $25 each. Thereafter plaintiffs in the equity case filed their bill of costs including therein as taxable costs the $75 paid for expert witnesses. This item was not allowed by the taxing officer in the circuit court. Upon appeal to the circuit judge it was allowed. Petitioners herein pray for a mandamus requiring the circuit judge to disallow said item.

It is pointed out by counsel for respondent circuit judge that although no statute fixes the amount of solicitors' fees awarded by the court of chancery, the Supreme Court, by Circuit Court Rule No. 64, allows such fees to the prevailing party and that under 3 Comp. Laws 1915, § 12019, subd. 5, this court has authority by rule to regulate costs. It is urged that the statute above quoted has obviated the necessity for such rule. Cases are cited from some jurisdictions (*Snyder* v. *Iowa City*, 40 Iowa, 646; *Chadwick* v. *Insurance Co.*, 158 N. C. 380 [74 S. E. 115]; *Farmer* v. *Stillwater Water Co.*, 86 Minn. 59 [90 N. W. 10]), which it is claimed support the contention advanced by defendant's counsel. These decisions were announced under statutes materially different from our own and when examined carefully in the light of those statutes we are of opinion they cannot be considered as authority for defendant's position. Be-

fore the passage of Act No. 175, Pub. Acts 1905 (now 3 Comp. Laws 1915, § 12557), there was no legal limitation upon the right to hire and pay expert witnesses. The purpose of the legislation was, we think, to limit a right already existing and correct a practice which in the legislative mind appeared to be a growing abuse. No new rights are conferred by the statute. Before its passage a litigant might hire as many experts as he pleased and pay them any sum agreeable to himself and his witnesses. Since its passage only such sums may be paid for expert testimony as the court shall direct. The statute is absolutely silent upon the question of taxing such fees against the opposite party. The authority to tax costs is wholly statutory. *Auditor General* v. *Baker*, 84 Mich. 113, and *Hester* v. *Com'rs of Parks and Boulevards*, 84 Mich. 450.

We conclude that the circuit judge lacked statutory warrant to tax the fees in question in favor of the prevailing party in the chancery cause and therefore that the mandamus must issue as prayed, with costs in favor of the plaintiffs and against the principal party in interest.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.