(December 28, 1921.)

## JOHN DELAY, Respondent, v. OSCAR FOSTER, Appellant.

[203 Pac. 461.]

PARTNERSHIP—ACTION AT LAW BETWEEN PARTNERS—PLEADING AND PRACTICE—COSTS.

1. A partner who assumes to dissolve the partnership before the end of the term agreed on in the partnership articles is liable in an action at law against him by his copartner for the breach of the agreement to respond in damages for the value of the profits which the plaintiff would otherwise have received, unless the action necessarily involves an accounting between the partners.

2. C. S., sec. 7207, subd. 3, which provides that costs are allowed of course to the successful party in an action for the recovery of money or damages, when the plaintiff recovers $100 or over, applies to actions commenced in the district court. It does not apply to an action commenced in a probate or justice court which by change of venue is tried in the district court.

3. A successful party should not be disallowed fees for witnesses who are subpoenaed and attend upon the trial, for the reason alone that they were not sworn and examined in the case; but the party should make a satisfactory showing as to the reasons for the attendance of the witnesses and the causes which made it unnecessary for them to testify.

4. A party to an action in a justice court who asks for and obtains an unwarranted change of venue, in order to anticipate and forestall an adverse ruling and thus by his own action prevents a trial of the cause, fails to make a satisfactory showing as to the cause which made it unnecessary for the witnesses to testify. In such case the party waives the right to tax as costs the fees and mileage of his witnesses in attendance upon the justice court.

5. Where a party obtains a change of venue to the probate court, knowing at the time that the probate judge will be a ma-

Publisher's Note.

1. On right of one partner to maintain action at law against the other for damages for wrongful dissolution of firm, see note in 4 A. L. R. 158.

terial witness and that another change of venue will be necessary, he is not justified in summoning his witnesses to attend upon the probate court, and in delaying the presentation of his motion for a change of venue from that court until the day set for the hearing of the cause. Under such circumstances he is not entitled to tax as costs the fees and mileage of his witnesses in attendance upon the probate court.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge.

Action for damages for ouster of a partner from a partnership. Judgment for plaintiff. *Modified.*

McFarland & McFarland, for Appellant.

"An action at law by one partner against his copartner will not lie on the claim growing out of the partnership transactions until the business is wound up and the accounts finally settled." (20 R. C. L. 924; 30 Cyc. 461.)

"Costs can be imposed and recovered only in cases where there is statutory authority therefor." (11 Cyc. 24; *Rhodenbaugh v. Stingel*, 31 Ida. 594, 174 Pac. 604.)

"Where the cause has not been set for trial, or is improperly listed, a party cannot tax as costs witness fees of witnesses for attendance." (11 Cyc. 119.)

Lynn W. Culp, for Respondent.

"Evidence of profits realized during the continuance of the partnership may be received in evidence as aiding to estimate profits which would have been realized thereafter had the firm been continued." (*Bagley v. Smith*, 10 N. Y. 489, 61 Am. Dec. 756; *Taylor v. Nelson*, 26 Cal. App. 681, 147 Pac. 1189; *Gilbert v. Grubel*, 82 Kan. 476, 108 Pac. 798; 30 Cyc. 465.)

The provisions of sec. 7210, C. S., apply to actions brought originally in the district court, and not to those originally brought in a justice's court and appealed to the district court. (*Roseborough v. Whittington*, 15 Ida. 100, 96 Pac. 437.)

RICE, C. J.—The complaint alleged in substance that respondent and appellant entered into a partnership agreement for the purchase of certain cattle, the purchase price to be furnished by appellant. Respondent agreed to kill and market the animals, the profits after paying the necessary expenses to be equally divided between them; that pursuant to said agreement the cattle were purchased; that three of them were butchered by respondent, and the proceeds, with the exception of certain specified amounts, delivered to appellant; that appellant thereafter repudiated the partnership agreement, and appropriated and diverted the remaining animals to his own use to the damage of respondent. The complaint also alleged indebtedness due respondent from appellant in a small amount which was not controverted.

The action was brought in a court of a justice of the peace. Appellant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and upon the further ground that the court did not have jurisdiction because the complaint showed upon its face that a partnership accounting was necessary between the parties, and also upon the ground that appellant did not have capacity to sue. Thereafter, and before the court ruled on the demurrer, a change of venue was ordered to the probate court. The probate court subsequently granted a change of venue and, by consent of counsel, the cause was transferred to the district court of Kootenai county. The district court overruled the demurrer; answer was filed, and upon trial judgment was entered for the plaintiff, respondent herein. Respondent filed a cost bill, to each item of which appellant objected and filed motion for the taxation of costs by the court and also to strike the entire cost bill. The court denied the motion to strike the cost bill and entered an order taxing the costs as set out in respondent's cost bill, with the exception of one item.

The appeal is from the judgment and from the order denying appellant's motion to strike the cost bill and also from the order of the court taxing costs.

The demurrer was properly overruled. A partnership accounting was not necessary to determine the issues. In the case of *Karrick v. Hannaman,* 168 U. S. 328, 18 Sup. Ct. 135, 42 L. ed. 484, the court, speaking through Mr. Justice Gray, said: "A partner who assumes to dissolve the partnership, before the end of the term agreed on in the partnership articles, is liable, in an action at law against him by his copartner for the breach of the agreement, to respond in damages for the.value of the profits which the plaintiff would otherwise have received."

See, also, *Farwell v. Wilcox* (Okl.), 175 Pac. 936, 4 A. L. R. 156; *Frith v. Thompson,* 103 Kan. 395, 173 Pac. 915, L. R. A. 1918F, 1123; 2 Rowley, Modern Law of Partnership, sec. 753; 30 Cyc. 465; 20 R. C. L. 928.

Appellant's motion to strike the cost bill is based on C. S., sec. 7207, which is in part as follows:

"Costs are allowed of course to plaintiff upon a judgment in his favor in the following cases: . . . .

"3. In an action for the recovery of money or damages when the plaintiff recovers $100 or over."

The judgment in this case was for $83.10. This statute relates to actions commenced in the district court. It has been held that it does not apply in cases tried in the district court *de novo* on appeal from a justice or probate court. (*Lovel v. Joyce,* 9 Ida. 386, 74 Pac. 1073; *Roseborough v. Whittington,* 15 Ida. 100, 96 Pac. 437.) Neither does it apply in case of an action commenced in a probate or justice court which, by change of venue, is finally tried in the district court.

The motion to tax costs, however, presents an unusual situation. In his affidavit in support of motion for change of venue in the justice court respondent stated that the justice refused to consider the argument of counsel for plaintiff or the authorities offered by him in support of his con-

tention that the demurrer should be overruled, the justice saying that he knew nothing about the law governing the question involved, and that therefore he was inclined to follow the opinion of counsel he had consulted prior to the hearing of said arguments "supposed by the said justice not to be interested in said cause," and that it was the opinion and belief of affiant's counsel that the justice would have overruled the demurrer had he not become biased and prejudiced by the advice and information he received from unfriendly counsel prior to the hearing of said demurrer, and that therefore affiant could not have a fair and impartial determination and decision by said justice upon the question raised by the demurrer.

Stripped of all collateral matter, the application was based upon the ground that the justice of the peace was about to rule adversely to respondent, and in order to anticipate and forestall an adverse ruling he applied for and was granted a change of venue. The affidavit stated no ground for change of venue. It would be a unique situation if a litigant could prevent an adverse ruling by the device of taking a change of venue. Nor would the fact that the justice was inclined to follow the advice of counsel not interested in the case change the situation. Doubtless, the higher courts frequently rely upon authorities highly unsatisfactory to the losing litigant, but this fact does not have any tendency to imply bias or prejudice.

By his memorandum of costs and disbursements, appellant sought to charge respondent with the fees and mileage of his witnesses who were in attendance upon the justice and probate courts, but who were not called to testify in those courts.

In *Bechtel v. Evans,* 10 Ida. 147, 77 Pac. 212, it is said: "We agree with appellant in his contention that a successful party should not be disallowed fees for witnesses who are subpoenaed and attended upon the trial for the reason alone that they were not sworn and examined in the case, and we do not understand the case of *Griffith v. Montandon,*

4 Ida. 75, 35 Pac. 704, as going to that extent. We do think, however, that where a party claims fees for witnesses who are not sworn and examined in the case, he should make a satisfactory showing as to the reasons for the attendance of the witnesses and the causes which made it unnecessary for them to testify.''

The reason given by appellant for his failure to call and examine his witnesses in the justice court, as gathered from his affidavits resisting motion to strike the cost bill and the motion to tax costs, was that the case had been set for hearing in the justice court on or about the sixth day of August, 1919, and that he expected to try the cause in that court on that day; that the argument upon the demurrer was presented to the justice on that day, and for the reasons set out above counsel for appellant asked for and obtained a change of venue which prevented the trial of the cause at that time.

Since appellant himself asked for and obtained an unwarranted change of venue, without waiting for the court to rule on the demurrer and following the regular course of procedure by taking an appeal in case the ruling had been adverse, he failed to make a satisfactory showing as to the cause which made it unnecessary for the witnesses to testify. By himself preventing the trial for a reason not recognized by law, he waived the right to tax the costs of his witnesses in attendance upon the justice court.

For a similar reason appellant should not be allowed to tax costs for his witnesses in attendance upon the probate court. The change of venue from the probate court to the district court was obtained upon the ground that the probate judge would be a necessary witness in the case. This was a proper ground for change of venue under the statute, but appellant in his affidavits disclosed that at the time the change of venue was granted from the justice court to the probate court he knew and so stated that the probate judge would be a material witness. Under the circumstances appellant was not justified in summoning his wit-

nesses to attend upon the probate court and in delaying the presentation of his motion for a change of venue from that court until the day set for the hearing of the cause. He knew at all times, after the order of the justice changing the venue to the probate court, that the probate judge was a material witness and that that fact would necessitate a change of venue from his court. The circumstances required of him that he promptly make his motion for a change of venue from the probate court before the case was set down for trial therein. He should not be allowed to tax costs for fees and mileage of his witnesses in attendance upon the probate court.

The judgment should be modified by striking from the aggregate amount of the judgment for costs all fees and mileage of witnesses in attendance at the probate and justice courts.

The cause will be remanded, with instructions to modify the judgment for costs in accordance with the views herein expressed, and as so modified the judgment will be affirmed. No costs awarded on this appeal.

Budge, McCarthy and Lee, JJ., and Featherstone, District Judge, concur.