## UNITED STATES v. HOXIE et al.

No. 1813–B.

First Division. Juneau.

March 22, 1930.

Arthur Shoup, U. S. Atty., of Juneau, for the United States.

H. L. Faulkner, Hellenthal & Hellenthal, G. C. Winn, and Henry Roden, all of Juneau, for defendants.

HILL, District Judge.

This action is before the court upon appeal from costs taxed by the clerk of court against the defendant Charles Hoxie in the sum of $1,350.50. To defendant's objections to plaintiff's amended cost bill, plaintiff has filed a verified answer, and the facts are presented to the court by the objections, the allegations of the answer, and the court's record. Judgment against defendant for costs was affirmed by the Circuit Court of Appeals. Hoxie v. United States, 15 F.(2d) 762.

In his brief, the United States attorney correctly states: "Costs as such were unknown at common law, and it is indispensable for every claimant (for costs) to be able to point to the statute which entitles him to receive what he claims, and the statutes must be strictly construed, inasmuch as they

are penal laws" (citing 15 C.J. 317, under heading "Costs in Criminal Cases").

In Alaska the fees to be allowed officers and witnesses are fixed by the Attorney General of the United States under authority conferred by Act of Congress of June 6, 1900, § 30, 48 U.S.C.A. § 25 (section 389, Compiled Laws of Alaska), and promulgated under title, "Instructions to United States Judges, Marshals, Attorneys, Clerks and Commissioners for the District of Alaska" hereinafter referred to as "Attorney General's Instructions."

Defendant makes two general objections to the allowance of costs against him as follows: First, "because no costs are allowed in a criminal action in the Territory of Alaska"; and, second, "because the cost bill herein was not filed within a reasonable time after the judgment herein was entered." Defendant's first objection is based upon the provisions of chapter 75, 1923 Session Laws of Alaska, which reads:

"Section 1. That no costs shall be taxed to the defendant in any criminal case or proceeding commenced or prosecuted in any of the courts of the Territory of Alaska.

"Section 2. All acts and parts of acts in conflict herewith are hereby repealed."

Plaintiff replies that the provisions of chapter 75 are beyond the legislative authority vested in the Alaska Legislature by the Organic Act and amendments thereto.

The last sentence of section 3 of the Organic Act (37 Stat. 512, 48 U.S.C.A. § 80) is as follows: "The legislature shall pass no law depriving the judges and officers of the district court of Alaska of any authority, jurisdiction, or function exercised by like judges or officers of district courts of the United States."

■ Taxing costs in criminal cases tried in the District Court is undoubtedly an authority or function conferred on either the judges or clerks of court of the District Court, or both, and such authority or function is exercised by like

judges or officers of District Courts of the United States under authority of section 974, Revised Statutes, 28 U.S. C.A. § 822. Johnson v. United States (C.C.A.) 260 F. 783. The conclusion inevitably follows that chapter 75, 1923 Session Laws of Alaska, is void so far as it applies to taxing costs in the District Court. I express no opinion as to its validity when applied to the taxation of costs in other courts.

I overrule defendant's first objection to the cost bill.

The original cost bill was filed on May 18, 1928, one year one month and twenty-six days after the filing of a remittitur affirming the District Court's judgment which had been rendered a year and twenty days before that. Seven days after the original cost bill was filed, an amended cost bill was filed. The explanation given for the long delay is: "It having been deemed advisable by the United States Attorney for the First Division of Alaska * * * to await the outcome of the trial against defendant Douglas before filing any cost bills in this case." Verified answer, paragraph 2.

The defendant Douglas was a joint defendant with the defendant Hoxie, and verdict was rendered in his trial on May 16, 1928. No reason is given why it was "deemed advisable" to await the outcome of the Douglas Case, and none is apparent to the court, but, since the defense of laches cannot avail against the government unless it has worked harm to the opposite party, and, since no showing has been made that defendant suffered harm by any delay in filing this cost bill, I cannot say as a matter of law that the delay was unreasonable.

I overrule defendant's second general objection to the cost bill.

Defendant's remaining objections are to specific items of the cost bill which he claims are taxed without authority of law. He challenges all per diems taxed for witnesses covering days upon which such witnesses did not testify, all witnesses' expense accounts, and various other items.

Pertinent parts of section 830, Attorney General's Instructions, are as follows: "Witnesses shall be allowed and paid the following fees and mileage and none other * * * for attendance on the District Court or before an officer other than a commissioner pursuant to law and for the time necessarily occupied in going to and returning from the same, per day $4.00 (changed from $3.00 in the First Division to $4.00 by amendment); * * * for the distance actually and necessarily traveled in going to and returning from the place of such attendance, per mile ten cents * * * provided further that a witness *subpœnaed* from a point 'one hundred miles or over from the place of holding court may elect to receive his actual necessary expenses of travel and subsistence in lieu of mileage hereinbefore provided."

Section 832: "Per diems should not be paid to witnesses who reside at the place where court is held for days on which court is not in session and no service is rendered by them."

It appears from the court's records and verified answer to defendant's objections to the cost bill that the first setting of the case against the defendant was for trial January 20, 1926, and on that date the plaintiff, not being ready for trial, on its motion the trial was continued to January 27, 1926, on which day the trial proceeded and lasted until February 3, 1926. It resulted in a mistrial. Retrial was commenced February 15, 1926, and continued to February 20, 1926. Paragraph 3, answer to defendant's objections.

By its amended cost bill plaintiff claimed, and the clerk taxed, a per diem for Fred Magill for attendance as a witness on January 12, 13, 18, 20, 27, 28, 29, 30, and February 1, 2, 15, 16, 17, 18, 19, and 20, 1926; for Guy McNaughton for attendance as a witness January 20, 27, 28, 29, and 30, and February 15 and 17, 1926; for A. L. Fox for attendance as a witness January 18, 20, 27, 28, 29, and 30, and February 15, 16, and 17, 1926; for Mrs. D. F. Malloy for attendance as a witness January 18, 20, 27, 28,

29, and February 15, 16, 17, 18, 19, and 20, 1926. Each of these witnesses was sworn and testified at the trial. Defendant now objects to the allowance of any per diem to either of them for days upon which the witness did not testify. No mileage is charged for either of these witnesses, and I assume they were residents at the place where the trial was held. In plaintiff's answer to objections to amended cost bill, hereinafter called the answer, it alleges that each of these witnesses was subpœnaed to appear on January 18, 1926. No explanation is made why a witness should be subpœnaed for January 18th to attend a trial set for January 20th, nor is any explanation offered as to why per diem should be allowed to Fred Magill for January 12th and 13th.

■ Defendant's objection to the allowance of attendance per diems for Fred Magill for January 12th, 13th, and 18th, and to A. L. Fox and Mrs. D. F. Mallow for January 18th will be sustained. Logan v. Cross, 101 Or. 85, 198 P. 1097, 26 A.L.R. 1009.

■ It has been the universal practice in Alaska, sustained by the weight of authority, that, if a witness who is material and testifies is required by the party subpœnaing him to remain in attendance through the entire trial at which he testifies, such attendance is presumed to be necessary, in the absence of a showing to the contrary, and an attendance per diem may be taxed for each trial day said witness is in attendance on the court regardless of whether he testified on that day or not.

Therefore I will sustain the clerk's taxation of per diems for each of said witnesses from and including January 20th.

It is admitted that there is a duplication in the cost bill of three attendance days for A. L. Fox at the second trial. Therefore defendant's objection to the taxation of one $12 item for witness Fox will be sustained.

Defendant objects to the taxation of per diems and mileage for the following persons who were subpœnaed but

did not testify at either trial: Dave Housel, five days' (one of which was January 18th) attendance at the first trial and three days' attendance at the second trial; Vic. Manville, attendance per diems from January 17th to 28th, inclusive, traveling per diems for January 15th, 16th, 29th, and 30th, and 340 miles' mileage at 10 cents; D. F. Malloy attendance per diems from February 15th to 20th, inclusive.

The attendance per diems for January 17th, 18th, and 19th are subject to the same objections sustained above.

Nowhere in the answer is any reason or explanation given as to the purpose for which these persons were subpœnaed. It does not appear that they knew any material fact bearing on any issue involved in the trial of the defendant Hoxie. The only justification offered for taxing per diems and mileage for them or either of them is the statement that they were subpœnaed and that "the record shows" they reported on days named in plaintiff's answer. What record and where they reported, I do not know, nor is it pointed out to me.

■ There seems to be a conflict among the state courts as to the allowance of per diems to persons subpœnaed as witnesses and who attend and are not called to testify. It seems to me the better rule is that adopted in Oregon, Pugh v. Good, 19 Or. 85, 23 P. 827; Delay v. Foster, 34 Idaho, 691, 203 P. 461; In re Gallatin Irr. Dist., 48 Mont. 605, 140 P. 92; Hobbs v. Atlantic Coast Line Ry. Co., 151 N.C. 134, 65 S.E. 755; Terry v. Montgomery, 166 Ala. 130, 52 So. 314, and possibly other states, which is that such per diems may be charged as costs only upon a sufficient showing of the party claiming the costs that the attendance of said witnesses was necessary and proper. This is in accord with the ruling in United States v. Miller (D.C.) 223 F. 183, and in Simpkins v. Atchison, Topeka & S. F. Ry. Co. (C.C.) 61 F. 999, in which Judge Phillips, rendering the opinion, said: "It seems to be a well-settled rule of law and practice that where witnesses are subpœnaed,

but are not introduced to testify, the presumption is that their testimony was not material, and that they were unnecessarily brought to court as such witnesses."

Nor do I think this ruling is in conflict with that of the Circuit Court of Appeals for the Ninth Circuit in Kirby v. United States, 273 F. 391, 397, where Judge Gilbert, rendering the decision, said: "There was no abuse of discretion in taxing as costs the mileage and fees of witnesses who did not in fact testify, and in taxing as costs the fees and expenses of the marshal in serving subpœnaes upon them. *It is shown by the bill of exceptions* that the witnesses were subpœnaed in good faith, *and that their attendance was deemed material to the issues involved.*" (Italics mine.)

I therefore sustain defendant's objections to all per diems and mileage taxed for Dave Housel, Vic. Manville, and D. F. Malloy.

Defendant objects to the expenses taxed for witness E. A. Wakefield. I think the rule as to witness James Hagan, laid down in Deal v. United States, 11 F.(2d) 3 (C.C.A. Ninth Circuit), and approved in Deal v. United States, 274 U.S. 277, 47 S.Ct. 613, 71 L.Ed. 1045, governs as to the witness Wakefield. I therefore overrule this objection and allow the expenses as taxed.

██ The objection stated to this item and to expenses and per diems taxed for witness N. A. McLean is not only that actual expenses cannot be allowed, but also because there is no statement in the cost bill as to what those actual expenses were. Attention is called to section 845, Attorney General's Instructions, which require that expenses accounts must be itemized, sworn to, and receipts furnished. It may be that section 845 was primarily to require itemization, etc., for the benefit of the disbursing officer of the United States, but, in view of the special provision that the expenses to be allowed are "actual necessary expenses" (Attorney General's Instructions, quoted above), I might be justified in sustaining objection to these two items for

failure to itemize them. The defendant is entitled to information which will enable him to make proper objections to items in cost bills. Qualley v. Aitken, 4 Alaska, 291.

In view of the fact that certain itemizations have been made in the answer and no application has been made to me by the defendant for the privilege of disputing those itemizations, I shall consider the costs taxed for these two witnesses as if the itemizations in the answer were in the cost bill and as if every objection which might have been made to them had been made.

 It does not appear that witness McLean was subpœnaed. The language of the answer (paragraph 16) is: "Mr. McLean was a resident of Vancouver, B. C. at the time he was ordered to proceed to Juneau." By whose order, does not appear. No subpœna for him appears in the files. He testified at the trial, and I shall treat him as a witness voluntarily appearing. The answer alleges that he left Vancouver, B. C., the place of his residence, January 15th, and arrived at Juneau on January 19th; that he left Juneau on February 16th, and arrived at Vancouver February 19, 1926. His per diems were taxed at $5 per day from January 12 to February 20, 1926, inclusive. On what theory per diems were taxed for January 12th, 13th, 14th, and February 20th, I am not advised. Plainly they were not taxable. Per diems for January 15th to January 19th, inclusive, and February 16th to 19th, inclusive, if taxable at all, must be allowed as travel days. The Attorney General's Instructions allow per diems for travel days. Prior to the decisions in Deal v. U. S., supra, I had been of the opinion that travel day per diems were taxable, but I am constrained to follow those opinions. I therefore sustain the objection to per diems for N. A. McLean for January 15th, 16th, 17th, 18th, and 19th and February 16th, 17th, 18th, and 19th, shown to be travel days. Per diems were also taxed for this witness as attendance days for January 21st to 26th, inclusive, and February 3d to 14th, inclusive. On none of these days was the court engaged in

trying this case. The postponement from January 20th to 27th was at plaintiff's request. January 31st and February 7th and 14th were Sundays. The witness was held from February 3d to February 14th, inclusive, waiting the retrial of the case. These days were not taxable as attendance days. He was not then in attendance on the court, but was waiting under a private arrangement with the prosecuting attorney, and I will sustain objection to per diems for them. Plaintiff objects to the allowance of expenses for this witness. The Attorney General's Instructions, supra, provide that a witness *subpœnaed* from a distance of over 100 miles from place of trial may at his option take his *actual* and *necessary expenses* of *travel* and subsistence in lieu of mileage. (Italics mine.) Witness McLean was not subpœnaed; so he does not fill that prerequisite to the exercise of the option. Furthermore, all of his expenses, both during travel and while in attendance, are taxed. I think a fair reading of the quoted instruction limits the expenses and subsistence to be taken in lieu of mileage to the travel period. These expenses must be actual and necessary. I have already called attention to Attorney General's Instructions, paragraph 845. In this case the account of witness McLean for subsistence is lumped at $5 per day, and includes January 19th and February 16th. Considering that he left Juneau February 16th and went to Seattle and then returned to Vancouver and arrived in Vancouver February 19th, the court may almost say as a fact that he must have left Juneau the morning of February 16th. The item of porterage is lumped at 50 cents a day. These itemizations bear the plain stamp of mere estimates. The taxed expenses include large items of travel outside the territory. Under the authority of Deal v. U. S., 274 U.S. 277, 47 S.Ct. 613, 71 L.Ed. 1045, charges by witnesses for travel outside the district should be eliminated. That decision was rendered May 16, 1927, over a year before the amended cost bill in this case was filed and nearly two years before the answer was filed. In apparent disregard of its possible effect, no segregation is

made of travel expenses of this witness outside the district. The United States attorney in filing the amended cost bill, and the clerk in taxing it, may have relied upon the arrangement for paying witness McLean made by the then United States attorney and approved by the Attorney General of the United States, which arrangement and approval are asserted in paragraph 17 of the answer. That arrangement and approval doubtless furnish authority for payment of witness McLean, and was doubtless a proper means of procuring the attendance of a witness not within the jurisdiction of the United States, but I cannot conceive that the burden of that special and arbitrary arrangement can be lawfully taxed against this defendant. The proposition that in a criminal case the United States attorney can by special arrangement with a witness compensate him in double the normal witness fees (in this case the compensation amounts to two and a half times such witness fees) and then tax the doubled fee against the defendant is so repugnant to the principle of equal protection of laws as to carry its own refutation.

I sustain the objection to all expense of travel and subsistence taxed for witness McLean, nor will any per diems be taxed in excess of the $4 per day prescribed by the Attorney General's Instructions. Per diems will be taxed for witness McLean at $4 per day for nine attendance days which include January 20th and February 15th.

Defendant objects to all taxed items for witnesses Mrs. D. F. Malloy, E. A. Wakefield, and N. A. McLean, for the reason that their testimony was used in two other trials. Under the facts appearing in the "answer" (paragraph 20), I overrule that objection.

 The cost of printing brief on appeal is not taxable against the defendant, and the objection thereto and to the item "transfer binder" will be sustained. U. S. v. Thlinkit Packing Co., 6 Alaska, 117.

 My attention has not been directed to any statute or instruction of the Attorney General authorizing tax-

ation of meals and lodgings of jurors against a defendant. I therefore sustain defendant's objection thereto.

 Defendant's remaining objection is to United States attorney's docket fee, which seems to have been taxed on the suggestion of a Department of Justice examiner. On this item I am favored by the United States attorney with a comprehensive brief directing my attention to acts of Congress hereinafter referred to, which refer to this subject and in his opinion warrant the taxation. He contends that, by the provisions of section 1883, Revised Statutes, 48 U.S.C.A. § 1467, read with sections 823, 824 Revised Statutes, 28 U.S.C.A. §§ 571, 572, an attorney's docket fee $20 and counsel fee is allowed by law in United States courts to be taxed for the United States attorney in jury trials. When United States attorneys were put on a salary basis instead of a fee basis, they were required by section 6 of the Act of May 28, 1896, chapter 252, 29 U.S.Stat. 179 (see 28 U.S.C.A. § 578), to collect and pay these fees to the clerk of court to be covered into the United States Treasury. But section 24 of said chapter 252, 28 U.S.C.A. § 591, provides that the provisions of section 6 shall not be applicable to Alaska. The United States attorney concedes that, had there been no further legislation or authorization, there would exist no authority for the taxation in Alaska of attorney's fees, but he claims such authority by virtue of paragraph 1057, Attorney General's Instructions, which is as follows: "All fees authorized by law to be paid to the United States Attorney shall be charged and collected as far as possible and paid to the Clerk of the Court having jurisdiction".

This instruction he considers as an enactment for Alaska equivalent to section 6, above referred to, and as superseding both section 6 and its limitation in section 24.

It seems pertinent to examine the authority conferred upon the Attorney General by Congress relative to compensation of officers. We find it in the Act of June 6, 1900, § 30, 48 U.S.C.A. § 25, section 389, Compiled Laws of

Alaska, which reads as follows: "In case the law requires or authorizes any services to be performed or any act to be done by any official or person within the District of Alaska, and provides no compensation therefor, the Attorney General may prescribe and promulgate a schedule of such fees, mileage, or other compensation * * * and such schedule shall have the force and effect of law."

We must construe that section strictly in this proceeding. The conditions which must exist before the Attorney General may prescribe fees are: First, the law must require or authorize a service to be performed by an officer or person within the district of Alaska; and, second, the law must have failed to provide any compensation for that service. Both of these conditions must exist. The first condition is filled. The law does require services of the United States attorney, but it has provided compensation therefor—a fixed yearly salary. Hence the second condition does not exist, and it follows that there is no authority in the Attorney General to "prescribe and promulgate fees" for the United States attorney. Furthermore, the authority given the Attorney General is only to prescribe and promulgate fees. He is not given power to change an existing act of Congress which directs the disposition of fees. I do not give paragraph 1057 the effect claimed for it by the United States attorney. No authority or statute having been pointed out to me which entitles taxation of attorney's fees or counsel fees against a defendant in a criminal case in Alaska, I sustain the defendant's objection to these items.

The clerk may tax against the defendant in this action the following costs:

Fred Magill, witness fees for attendance at the trial as a witness for the United States January 20, 27, 28, 29, and 30, and February 1 and 2, 1926, and at the retrial February 15, 16, 17, 18, 19, and 20, 1926, thirteen days at $4, $52.

Guy McNaughton, witness fees for attendance at the trial as a witness for the United States January 20, 27, 28,

29, and 30, and at the retrial February 15 and 16, 1926, 7 days at $4, $28.

A. L. Fox, witness fees for attendance at the trial as a witness for the United States January 20, 27, 28, 29, and 30 and February 15, 16, and 17, 1926, 8 days at $4, $32.

Mrs. D. F. Malloy, witness fees for attendance at the trial as a witness for the United States January 20, 27, 28, and 29, and at the retrial February 15, 16, 17, 18, 19, and 20, 1926, 10 days at $4, $40.

V. A. Paine, witness fees for attendance at the retrial as a witness for the United States February 17, 1926, 1 day, $4.

E. A. Wakefield, a civil officer of the United States, attending at the retrial, his actual and necessary expenses and subsistence as follows: February 12, 1926, 3 meals at Ketchikan at $1 each, $3; February 12, 1926, transportation Ketchikan to Juneau, $15.50; February 20th, meals February 14 to February 20, 1926, 7 days at $2 per day, $14; February 20, 1926, lodging February 14 to February 20, 1926, 7 days at $3, $21; February 22d, meals on government vessel, Juneau to Ketchikan, $1.75; February 22d, taxi hire at Ketchikan, $2; February 23d, taxi hire at Prince Rupert, $2—total $59.25.

N. A. McLean, witness fees for attendance as a witness at the trial as a witness for the United States January 20, 27, 28, 29, and 30, and February 1 and 2, and at the retrial February 15, 1926, 8 days at $4, $32.

United States marshal, fees and costs, $40.50.

Clerk's fees unpaid, $30.

Total $317.75.