960

## UNITED STATES v. STEPHANIDIS et al.

District Court, E. D. New York.

June 18, 1930.

See also 41 F.(2d) 958.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Henry Mayer, of New York City (Clement C. Rinehart, of New York City, of counsel), for defendant.

INCH, District Judge.

This is a common-law action. The jury brought in a verdict for plaintiff in the sum of $90,000 as the amount due from the defendant of the purchase price remaining unpaid of a ship which had been bought by defendant from plaintiff on January 28, 1921.

The contract price was $125,000. The defendant had paid on account $18,750. The next installment of the price was due January 28, 1922. This was not paid, and from then on defendant was in default. Plaintiff brought suit to collect the damages arising from this breach represented by the balance due with interest. Defendant interposed a counterclaim and set-off.

The jury duly considered the testimony offered by both parties and plainly allowed a set-off, finding that damages in the sum of $90,000 was the amount due and owing.

Had no set-off been interposed, the original sum sued for by plaintiff would have been liquidated and interest thereon easily ascertained. The mere fact that a set-off was claimed and a certain sum allowed pursuant thereto by the jury does not alter the fact that the jury has found that the sum of the verdict determined by them was that due from the breach of the contract by defendant.

No proof of the interest claimed in the complaint was submitted to the jury.

While counsel for defendant argues that they must have so considered such interest and cites certain cases which relate to cases, somewhat similar, where a set-off has been interposed, yet it seems to me that in this state and district there is no federal statute that conflicts with the present state statute relating to the subsequent allowance of interest in any action where a final judgment is rendered for a sum of money awarded by a verdict relating to a breach of an express contract whether the principal sum due is liquidated or unliquidated. Section 480, Civil Practice Act of the State of New York.

There is no difficulty in ascertaining the amount of this interest. The interest is due on damages for breach not under the contract. The cases cited by counsel for plaintiff likewise indicate that plaintiff is entitled to such interest. Cranford Co. v. City of New York (C. C. A.) 38 F.(2d) 52; Prager v. N. J. Fidelity & Plate Glass Ins. Co., 245 N. Y. 1, 156 N. E. 76, 52 A. L. R. 193.

Accordingly, interest at the rate of 6 per cent. on the principal sum found due from January 28, 1922, to May 9, 1930, can and should be added and the judgment increased accordingly.

As to the second motion of plaintiff regarding the costs taxed by the clerk and his refusal to tax certain items, I believe the clerk is right. Pine River Logging & Improvement Co. v. United States, 186 U. S. 279, 22 S. Ct. 920, 46 L. Ed. 1164; 28 USCA §§ 601 and 830; Buffalo Ins. Co. v. Providence, etc., Co. (C. C.) 29 F. 237; Deal v. United States, 274 U. S. 277, 47 S. Ct. 613, 71 L. Ed. 1045; Ladd & Tilton Bank v. United States (C. C. A.) 30 F.(2d) 334.

This motion is therefore denied. Motion to add interest is granted. Motion to retax costs denied.