Riley Leon HUGHES, Appellant,

v.

J. Herman GENGLER, Appellee.

No. 22122.

United States Court of Apeals
Ninth Circuit.

Oct. 2, 1968.

Rehearing Denied Oct. 30, 1968.

Certiorari Denied Feb. 24, 1969.

See 89 S.Ct. 870.

Riley Leon Hughes, Marysville, Cal., for appellant.

John P. Hyland, U. S. Atty., Wm. B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and McNICHOLS,* District Judge.

BARNES, Circuit Judge.

Appellant by this appeal seeks three cents damages, and his costs. We think the time of postal employees and the courts could be better spent than in determining the dispute herein delineated. We might well affirm the judgment below on the basis of the maxim "de minimis non curat lex," but appellant's earnestness and sincerity entitle him to a better explanation of why he cannot recover. The law should not tolerate even a small injustice, nor the appearance of it.

Appellant was the addressee of a Special Delivery Air Mail Letter, deposited in rural mail box #734—Route 2, near

* Hon. Ray McNichols, District Judge, Boise, Idaho, sitting by designation.

Escondido, San Diego County, California, and picked up by a rural mail carrier for transportation to and delivery in Marysville, Yuba County, California. Appellant complains that upon its arrival, the letter was withheld from "delivery" for an alleged postage deficiency of three cents.

The letter contained on its face (1) seven 5 cent stamps; (2) the return rural route box number of the sender; (3) a handprinted notation (apparently made by sender) "Air Mail—Special Del.", and it was stamped "Air Mail—Special Delivery" once on the face, and four times on the reverse, apparently by the post office.

The special delivery charge was 30 cents. The air mail charge was then 8 cents. The total postage was therefore deficient by three cents.

The letter was addressed:
"Mr. R. Leon Hughes
P. O. Box 651
Marysville, California"

The letter apparently arrived at Marysville on May 30, 1966, for it bears on its back the usual post office circular stamp, and within the circle:

Marysville
May
30
6 A.M.
1966
Calif.

The letter being addressed to a post office box, and being special delivery, the postmaster was authorized to deliver "to the post office box," or "hold for delivery through the general delivery window, unless the addressee has given written notice that such mail be delivered to his residence or place of business." (Postal Manual 166.4). Appellant states in his brief (p. 14) that no such notice had ever been given by him to the Marysville Postmaster.

The letter being without sufficient postage, the post office at Marysville left a notice in appellant's P. O. Box 651—on "P.O.D. form 3907, Notice to Call at Window [X] Mail with Postage Due."

Appellant had found it inconvenient to call for his mail on May 30, 1966, a holiday. He explains this in his "Answer to Motion for More Definite Statement," filed in the District Court:

"Most of my mail was political campaign literature prepared by volunteer clerks. There was nothing in the P.O.D. form 3907 to indicate mail of importance was being held. It was two days before I became sufficiently involved to take time off from work to call for the mail." (C.T. 23)

Appellant finally called for his mail during the daytime on June 2nd or 3rd. He was shown the letter described above, saw the seven 5 cents stamps on it, and we quote from appellant's brief what occurred:

Appellant said:

" 'There appears sufficient stamps on the letter to me.'

"The clerk replied, 'It is marked, Air Mail Special Delivery and there is three cents due on it.'

" 'I certainly am not getting special delivery service,' I protested.

" 'If you want this letter, you will have to give me three cents' was his immediate demand.

" 'I gave him three cents under protest. He placed an ordinary three cents stamp on the envelope and canceled it, being careful not to let the date of cancellation touch the envelope." (C.T. 31)

Appellant, being indignant, thereupon filed suit against the Marysville Postmaster in the Small Claims Court of the Marysville Judicial District, County of Yuba, State of California, for $127.02. (C.T. 4) In an apparent attempt to discourage the appellant, his case was removed to the United States

District Court, Northern District of California, Northern Division, sitting in Sacramento. (28 U.S.C. § 1442(a) (1)) Without such removal, which gave the District Court jurisdiction, the action would have remained in the State Courts. Teal v. Felton, 12 How. 284, 289, 53 U.S. 284, 289, 13 L.Ed. 990 (1851).

No jurisdiction existed under the Federal Tort Claims Act, 28 U.S.C. § 2680(b). Jurisdiction here rests on 28 U.S.C. § 1291.

In the District Court, numerous motions were heard, and appellant was required to itemize his claim for damages, which he did as follows:

| | |
|---|---:|
| "To collecting for services not rendered | $ 0.03 |
| "For failing to print date on letter | 10.00 |
| "For having to lay off from work | .30 |
| "For refusal of postmaster to accept protest | 25.00 |
| "Small Claims Court fee | 2.00 |
| "Cost of preparing papers for trial | 89.70 |
| | $127.03" (C.T. 25) |

It might properly be noted that appellant asserted he is "more interested in feeling that any mail will be handled in an equitable manner, than in receiving any damages." (C.T. p. 25) We also note that in addition to the damages specified above, the appellant requests:

"that since the trial is a nervous strain upon myself, that the minimum award be one (1.00) dollar a day from the time I filed suit, June 6, 1966, until the case is properly adjudicated."

Appellant appeared in propria persona in the district court and appellant reduced his demand to three cents plus his $2.00 filing fee. The matter was heard on April 27, 1967, and judgment was entered for the defendant and against the plaintiff.

The district court was of the opinion that the three cents appellant seeks was voluntarily paid by him to the Government, that no statute, law or regulation requires him to so pay; that he could have refused the letter; that there was no compulsion or coercion on him, but a voluntary payment, though under protest, was made by him, and hence plaintiff below could not recover.

A motion for new trial was made and denied. Appeal was taken here in propria persona.

We do not reach the point on which the case was decided adversely to appellant in the district court.

Appellant urges that the rules in the Postal Manual are adequate to govern in this case. We agree, but we do not interpret them as appellant would have us. It is the duty of this court to take judicial notice of the regulations of the Post Office Department. Deal v. United States, 11 F.2d 3 (9th Cir. 1926), Rev'd on other grounds, 274 U.S. 277, 47 S.Ct. 613, 71 L.Ed. 1045 (1927); Caha v. United States, 152 U.S. 211, 14 S.Ct. 513, 38 L.Ed. 415 (1894).

Appellant's sister who sent the letter, addressed it to a post office box at a letter carrier office in Marysville, California. Postal Manual Part 166.22 states "the special delivery fee must be prepaid

232

in addition to regular postage." This she did not pay. Postal Manual Part 166.4 requires such a letter to be delivered to the box, or through general delivery, when no other instructions have been given for such mail by the boxholder. Postal Manual Part 354.611 requires the same type of delivery of special delivery letters at any city delivery office, i. e. "as addressed, unless other instructions have been received."

Neither the postman who received the letter on his rural route near Escondido nor the postmaster at that town could possibly have known whether this appellant had delivered to the postmaster in Marysville, California, the "instructions" referred to in Postal Manual Parts 166.4, and 354.611 which provide for the exceptions to the general rule requiring delivery "as addressed."

The letter as mailed, had insufficient air mail postage. It could have been handled, therefore, as first class surface mail. Whether it was or not, we do not know, and that question is here immaterial for appellant makes no complaint of any act of defendant until after the letter arrived in Marysville.

■ Thus, the letter could not be delivered as a special delivery letter, through no fault of the Post Office or its employees. But, urges appellant, (1) the form left in his box was form 3907 (supra), and it should have been form *3955;* (2) nothing on the card left (form 3907) indicated that it was any different than his other mail, and (3) it was the duty of the clerk at Marysville "to ascertain whether an address was available associated with the post office box to make special delivery service possible." The difficulty with appellant's second and third points above are that he cites no cases, statutes, or regulations that require or make it a duty of a postal employee to "indicate" the nature of the mail held for postage due; or to "ascertain" an address "connected with" the address appearing on the letter; and we can find none.

As to the question of the form to be used (3907 v. 3955) the latter is mentioned in Postal Manual Part 166.42, but this subsection .42 applies only to "Delivery in Mail Receptacles," and reads:

"When no one is at the address to receive mail, the *messenger,* if he can determine that the *occupants* are absent for not more than 1 day, will leave the mail and a notice on Form 3955, Special Delivery Notice,"

which notice by Part 166.43, is to be:

"left on the *door knob* or *handle,* under the *door,* or in the *receptacle.*" (Emphasis added.)

■ This subsection .42 of 166 follows subsection .41 of 166 which applies to special delivery deliveries *at letter carrier offices.* The post office at Marysville is a letter carrier office. It seems obvious the language of .42 applies to deliveries on mail carrier routes outside of post office buildings, and not to post office boxes located within post office buildings. It is difficult to envisage a *messenger* employed to deliver a special delivery letter to a post office box within the post office, and impossible to envisage the *occupants* of a post office box, or a *door knob* on it, or a *door* under which the letter would be placed—these places for deposit of form 3955 being alternative places other than the *receptacle* itself. The distinction between receptacle and box seems clear and reasonable.

Likewise, appellant's reliance on Postal Manual Part 354.7 is misplaced. It applies to payments by the postmaster to his employees for making delivery of special delivery letters. They receive no compensation when the letter is delivered to a post office window or box. But they would if the box holder had left written instructions with the post office as to where his special deliveries should be delivered. As we said above, the post office first seeing the letter has no way of knowing whether this required notice has been delivered by the

addressee or not; and hence, the special delivery fee will be and must be, collected in the first instance, i. e., before mailing. Part 354.7 does not apply to the obligation of the sender or the recipient of the letter to pay the prescribed postage and special delivery fee.

Nor does Teal v. Felton, supra, relied upon by appellant, help him here. In it, the Supreme Court, on a case coming before it from the State Court of New York, held the postmaster's reliance (in demanding a letter rate for a newspaper because of an "initial or letter" upon the newspaper wrapper) was misplaced, inasmuch as the regulation was issued under the Act of 1825, as passed by the Congress, which Act read:

> "If any person shall enclose or conceal a letter, or other thing, or any memorandum in writing, in a newspaper * * *" or if "any memorandum * * * shall be written on a newspaper," and "transmitted by mail, (the sender) shall be charged with letter postage.

> "We do not think that the initial or letter upon the wrapper of the newspaper in this case subjected it * * * to letter postage."

Thus, said the Supreme Court in *Teal,* it not being within the intent of Congress to so legislate, the postmaster could not make up and/or substitute his own rules.

In the instant case, the defendant made up no rules for a particular letter; he precisly followed lawful and authorized regulations.

We conclude the defendant postmaster in no way violated any law, statute or regulation of the United States or of the Post Office Department, and was entitled to require defendant to pay the three cents before delivering the letter here involved; and hence that appellant is not entitled to three cents damages, or any other sum; and we find that he suffered no damage whatsoever.

Affirmed and remanded with instructions to the District Court to enter judgment for defendant, with costs, in accordance with this opinion.