Donald Lee SHIRLEY, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 76–1069.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 31, 1977.

Decided and Filed April 29, 1977.

Rehearing Denied Aug. 11, 1977.

Donald Lee Shirley, Terre Haute, Ind., Kurt A. Phillips, Covington, Ky. (Court-appointed), for petitioner-appellant.

John L. Bowers, U. S. Atty., W. Thomas Dillard, Richard K. Harris, Knoxville, Tenn., for respondent-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

JOHN W. PECK, Circuit Judge.

Petitioner-appellant perfected this appeal from an order of the district court denying his motion filed under 28 U.S.C. § 2255 to vacate a guilty plea entered by him and a sentence imposed thereunder to a charge of robbery under 18 U.S.C. § 13 (Federal Assimilative Crimes Act and Tenn.Code Ann. § 39–3901). He received a five to seven years committed sentence.

The Assimilative Crimes Act provides that whoever is guilty of an act or omission within a federal enclave, which, "although not made punishable by any enactment of Congress, would be punishable . . . [under the laws] of the State in which [the enclave] is situated, . . . shall be guilty of a like offense and subject to a like punishment." Pursuant to that Act, petitioner, who had been arrested for an armed robbery committed within the boundaries of Smokey Mountain National Park, Tennessee, was charged with violating Tenn.Code Ann. § 39–3901. The threshold question thus becomes whether the district court had jurisdiction to try and to sentence petitioner under 18 U.S.C. § 13 in view of the fact that the offense for which he was indicted is cognizable under the Federal Robbery Statute, 18 U.S.C. § 2111. The government has conceded, both in this court and in the district court, that if the Tennessee and Federal Robbery Statutes proscribe the same act, the Assimilative Crimes Act could not have application because petitioner should then have been charged under the federal statute. The Supreme Court has made that clear:

" . . . Congress has recognized a slowly increasing number of federal crimes in the field of major offenses by enacting for the [Federal] enclaves specific criminal statutes which have defined those crimes and, to that extent *have excluded the state laws from that field.*" (Emphasis supplied.) *United States v. Sharpnack,* 355 U.S. 286, 289, 78 S.Ct. 291, 293, 2 L.Ed.2d 282 (1957).

The Court had earlier said, "The Assimilative Crimes Act has a natural place to fill through its supplementation of the Federal Criminal Code, without giving it the added effect of modifying or repealing existing provisions of the Federal Code." *Williams v. United States,* 327 U.S. 711, 718, 66 S.Ct. 778, 782, 90 L.Ed. 962 (1946).

The issue presented in this connection is whether the crime with which petitioner was charged is specifically prohibited by the only federal statute which could cover the crime charged, namely, 18 U.S.C. § 2111. The district court addressed itself squarely to the issue, but concluded that

because "Tennessee's robbery statute addresses itself to both 'simple' and 'armed' robbery and provides enhanced punishment for the latter", while Section 2111 makes no such distinction, Congress has not made penal " 'precise acts upon which the conviction depends . . .' and it was therefore not improper for the Government to proceed under the Tennessee Armed Robbery Statute." We are forced to the opposite conclusion.

◼ Clearly, the precise acts upon which petitioner was indicted are punishable under Section 2111. That statute provides that anyone who takes anything of value from another within a federal enclave by force and violence, or by intimidation, shall be subject to imprisonment. The fact that the Tennessee Robbery Statute mentions the use of a deadly weapon for the limited purpose of providing for a greater punishment if the use of such a weapon is proven in no way alters that circumstance. In other words, whether or not a weapon, deadly or otherwise, was used in no way alters indictability under Section 2111. During the proceedings in the district court in the present case there seems to have been some change of position on the part of the government as to the use of a deadly weapon, but that circumstance is irrelevant to the propriety of proceeding under a charge under Section 2111, although proof of such use would be admissible as tending to show "force and violence, or . . . intimidation."

The only way in which the Tennessee Robbery Statute could be made available in a proceeding under the Assimilative Crimes Act would be by holding that different crimes were established under the Tennessee Statute and under 18 U.S.C. § 2111. However, a review of the state and federal statutes separately will demonstrate that such a holding would be untenable. As indicated, Tenn.Code Ann. § 39–3901 creates not two, but one offense—robbery. It makes no substantive distinction between "simple" robbery and "armed" robbery, and the Tennessee Supreme Court has so held. That court held that the use of a gun or other deadly weapon did not enlarge the generic offense of robbery. *State v. Winsett*, 217 Tenn. 564, 399 S.W.2d 741 (1965).

◼ On the other hand, it is equally clear that Congress did not intend that the Assimilative Crimes Act should serve as a vehicle under which a state statute affixing punishment for armed robbery could lessen or enlarge a federal penal offense. *Williams v. United States, supra*, 327 U.S. 711, 718–722, 66 S.Ct. 778, 90 L.Ed. 962 (1946).

In *Deal v. United States*, 274 U.S. 277, 47 S.Ct. 613, 71 L.Ed. 1045 (1927), robbery was defined as a "felonious and forcible taking from the person of another [of any goods] by violence or putting him in fear", and the means or instrumentality used is not mentioned as a fundamental element. In *United States v. Belt*, 516 F.2d 873 (8th Cir. 1975), it was held that the essence of robbery is the taking and carrying away of the goods of another by force and intimidation, but in this recent interpretation of 18 U.S.C. § 2111 there was again no distinction made between simple robbery and aggravated (or armed) robbery. See also *United States v. Hodge*, 487 F.2d 945 (5th Cir. 1973).

◼ In *United States v. Patmore*, 475 F.2d 752 (10th Cir. 1973), it was concluded that the Assimilative Crimes Act was improperly employed because a federal assault statute (18 U.S.C. § 113(c)) defined the same offense as the Kansas statute to which the defendant had pleaded guilty, and that he should have been sentenced under the federal statute. We reach the same result and having concluded that petitioner should have been proceeded against under the applicable Act of Congress rather than under the Tennessee statute, we vacate the petitioner's plea of guilty and the sentence imposed thereunder and remand the cause for appropriate proceedings under 18 U.S.C. § 2111. This conclusion makes it unnecessary to consider the further contentions of the petitioner-appellant, and we do not do so.

Reversed and remanded.